was guilty of a violation of a rule of the board of education, the relator should have appealed from the principal's decision to the board of trustees, and from that board to the board of education. In *People ex rel. Margaret McKenna* v. *Adeline G. Kelly,* which involved the same point, Judge BOOKSTAVER came to the same conclusion, and I entirely agree with him upon this point. The relator also failed to make out a case to compel his readmission into the primary department, for the uncontroverted facts show that he graduated out of it; that he ceased to be a member; and that there is at present no room to seat him.

The foregoing views render it unnecessary to pass upon the further objection that the present application is not made by a guardian *ad litem.* Application denied.

---

### IRVING *v.* CAMPBELL.

*(Superior Court of New York City, General Term.*   October 25, 1888.)

1. DEED—PROOF—CERTIFICATE—RESIDENCE OF WITNESSES.
    1 Rev. St. N. Y. p. 758, § 12, requires that when a deed is proved by a subscribing witness, he shall state his own place of residence, and that he knew the person who executed the conveyance; and section 15 provides that the officer taking the acknowledgment shall indorse on the conveyance a certificate, signed by himself, setting forth the names of the witnesses, and their places of residence. *Held,* that the omission to state the residence of the witness in the officer's certificate was unsubstantial,—the substantial thing being that the officer shall be satisfied that the execution of the deed is the act of the person described in and who executed it; and, in order to be satisfied of the identity of the subscribing witness, it is not absolutely necessary that the officer should know his residence.

2. SAME—TECHNICAL OBJECTIONS—RECORD OF FORMER DEED.
    The subscribing witness had formerly owned the property named in the deed, and had conveyed it to the grantor in the deed sought to be proved, by a deed of record in which he was described as of the city and county of New York, and his acknowledgment of that deed was taken by the same officer before whom he afterwards appeared to testify to the execution of the deed involved. *Held* that, as these facts appeared of record in the register's office, the objection to the title for failure to certify the subscribing witness' place of residence must be regarded as technical, and of no effect.

3. SAME—LOST DEED—SPECIFIC PERFORMANCE.
    In a suit for specific performance, plaintiff's title was objected to on the ground that a deed which was lost had not been properly proved for record by the subscribing witness. The evidence showed that the vendor in the lost deed had a good title, and had delivered possession to his vendee, which possession has since continued undisturbed; that the title has never been questioned by anybody; and the attesting witness of the lost deed testified to its execution. *Held,* that the existence and quality of the lost deed, though unrecorded, could be proved by parol, and the evidence showed that plaintiff's title was good.

4. EQUITY—REFORMATION OF DEED—PARTIES—HEIRS OF REMAINDER-MAN.
    A deed of trust granted the premises to M., as trustee to receive the rents for the use of E. for life, and after her death to convey to I., subject to a power in the trustee to sell the premises when requested by E., for the purpose of converting them into money; the proceeds to be held in trust as a substitute trust fund, and the income therefrom to be applied to the use of E. for life, with remainder to I. *Held,* that the heirs of I., if they took at all, would not take as purchasers, but by descent, and an action to reform the trust deed could be brought without joining them as parties.

5. DOWER—CONVEYANCE BY WIFE—NON-JOINDER OF HUSBAND.
    A wife may, for a valuable consideration, convey to her husband's grantee her right of dower in premises which her husband, J., had formerly conveyed, without her husband joining in the deed.

Appeal from judgment on report of referee.

Action by Mary Irving, trustee, against James J. Campbell, to compel the specific performance by the defendant, as vendee, of a contract for the sale of certain land in New York city. August 17, 1861, John Wharton and wife conveyed the property in question to John R. Anderton, by deed duly acknowledged and recorded, and set out in plaintiff's complaint. John R. Anderton conveyed to Gideon J. Tucker, surrogate of the city of New York,

March 22, 1869. June 22, 1870, Gideon J. Tucker conveyed to Thomas Lawrence, but his wife did not join in the deed. July 5, 1870, however, she conveyed her right to Thomas Lawrence, Tucker's grantee, by a separate instrument, duly acknowledged and recorded. Thomas Lawrence, unmarried, conveyed to Eliza Irving, November 23, 1871, by a deed executed in the presence of Gideon J. Tucker, who, as subscribing witness, proved the deed in the following form: "*State of New York, City and County of New York—ss.:* On the 23d day of November, in the year one thousand eight hundred and seventy-one, before me personally came Gideon J. Tucker, to me personally known, the subscribing witness to the foregoing instrument, who, being by me duly sworn, did depose and say that he knew Thomas Lawrence, in the city of New York, to be the individual described in and who executed the foregoing instrument, and who acknowledged that he executed the same to the said Tucker; that he saw said Thomas Lawrence execute and deliver the same, and that thereupon he, the said Tucker, became a subscribing witness thereto. ARNOLD A. RENSON, Notary Public, C. & C. of N. Y." It was recorded in the office of the register of the city and county of New York on the same day, as appears by the following certificate attached to the deed: "OFFICE OF THE REGISTER OF DEEDS, ETC., CITY AND COUNTY OF NEW YORK. I have compared the annexed copy with an instrument recorded in this office on the 23d day of November, A. D. 1871, at 3 o'clock 15 minutes P. M., in Liber 1,306 of Conveyances, page 66, and certify the same to be a correct transcript therefrom, and of the whole of said instrument. In testimony whereof I have hereunto subscribed my name and affixed my official seal this 18th day of August, 1875. [L. s.] PATRICK H. JONES, Register." Eliza Irving married George W. Jonas. In 1875 she and her husband executed a deed of trust of the property to Mary Irving, as trustee to receive the rents and profits, and to apply the same to the use of Eliza Jonas for her life, and to convey the premises after her death in fee to Irving Emmons, subject to a power in trust to be vested in said trustee to sell and convey the said real estate, or any part thereof, absolute in fee, whenever thereto requested in writing by the said Eliza Jonas, for the purpose of converting the same into money or its equivalent, and thereafter the said trustee to hold in trust the net proceeds of said sales as a substitute trust fund, in lieu of the said real estate so sold, and to invest the same, and to receive the income therefrom, and apply the same to the use of Eliza Jonas for her life, with remainder to said Irving Emmons; the said Eliza Jonas to have the privilege to personally occupy said real estate until sold. There being some doubt as to the trustee's right to sell under the trust deed, an action was brought by George W. Jonas, Eliza Jonas, and Irving Emmons, as plaintiffs, against Mary Irving, as trustee, defendant, in the New York superior court, in which there was a judgment reforming the deed, and giving the trustee full power of sale. All the parties interested in the trust deed were present, and they were all of age. April 21, 1885, the deed was reformed by order of court, and the property conveyed to the trustee, Mary Irving, with power to sell. April 18, 1887, the plaintiff, as trustee, contracted with defendant, James J. Campbell, for the sale of the property; and on May 20, 1887, in pursuance of the contract, plaintiff tendered the defendant a deed duly executed. Defendant made no objection to the form or execution thereof, but objected to the title as tendered, on the three following grounds: (1) That there is no legal evidence of the transfer of the title from Thomas Lawrence, through whom plaintiff claims. This objection was the only one specifically raised when the title was closed. (2) That plaintiff has no power to convey under the trust created in the deed from whence her authority as trustee proceeds. This objection did not appear in the pleadings, and was not raised when the title was offered, but was urged on the trial for the first time. (3) That plaintiff's title is defective, in that Gideon J. Tucker did not join with his wife in the transfer. This

objection was taken at the close of the trial, after Tucker had testified as one of plaintiff's witnesses. The opinion of the referee was as follows:

"H. C. VAN VORST, Referee. This is an action by the vendor to compel the specific performance by the defendant of a contract for the sale and purchase of land. The objections to the plaintiff's title interposed by the defendant necessitate an examination of the recording acts. The statute declares that an unrecorded deed shall be void, as against any subsequent purchaser ' in good faith, and for a valuable consideration,' of the same real estate. 1 Rev. St. p. 756, § 1. To entitle a conveyance of land to be recorded, the statute prescribes and limits the proof needed to establish its execution. The execution of the conveyance may be acknowledged by the person executing the same before an appropriate officer, or it shall be proved by a subscribing witness thereto. When proved by a subscribing witness, which is the case under consideration, the witness ' shall state his own place of residence, and that he knew the person described in and who executed such conveyance.' 1 Rev. St. p. 758, § 12. It is further provided that the officer taking the acknowledgment shall indorse on the conveyance a certificate signed by himself, setting forth, among other things, the names of the witnesses examined before him, and their place of residence. 1 Rev. St. p. 759, § 15. In the case under consideration, the deed itself, the execution of which is claimed to have been proven by Gideon J. Tucker, a subscribing witness thereto, is lost, and a certified copy of the same taken from the record thereof in the register's office has been received in evidence. The sufficiency of this record as evidence is objected to by the defendant's counsel, upon the ground that the residence of the subscribing witness is not stated in.the copy certificate written on the certified deed.

"There is a want of harmony in the decisions in respect to the effect of a record of a conveyance, the official proof of the execution of which, to entitle it to be recorded, is not a substantial compliance with the provisions of law directing the record of deeds. In 2 Pom. Eq. Jur. § 600, it is said ' that the irregular, defective, or improper recording of an instrument, although clearly not a constructive notice under the statute, may be sufficient to put a purchaser upon inquiry, and so constitute an actual notice.' Upon an examination of the cases, that learned author says ' that there is upon that point a conflict of judicial opinion.' But in this state it is held that a deed or other instrument unduly registered, either from want of a valid acknowledgment or otherwise, is not notice to subsequent purchasers or mortgagees. *Peck* v. *Mallams*, 10 N. Y. 509; 4 Kent, Comm. 174. But that the official certificate does not follow the precise words of the statute does not show a failure of a substantial compliance with its provisions, or that the real object and purpose of the statute has not been reached in what was actually done. Clerical errors, changes in phraseology, or omission of words, clearly not of the substance of the statute, may be disregarded. *Iron Co.* v. *Reymert*, 45 N. Y. 703. In *Jackson* v. *Gumaer*, 2 Cow. 552, 556, the officer taking the acknowledgment of the execution of the instrument certified that ' before me came De Witt C. Rose, to me known, and acknowledged,' etc. The words ' to be the person described in and who executed the deed,' required by the statute to be stated in the certificate, were omitted. It was urged that this omission was fatal. The court, per SAVAGE, C. J., held the objection to be ' technical,' and it was disregarded. *Jackson* v. *Osborn*, 2 Wend. 555.

"The value and importance of the particular words omitted from the certificate in the case under consideration, under the recording acts, has not been the subject of judicial decision. It is a new objection; but without violating the principle which has been heretofore applied in determining what was a substantial and proper compliance with the terms of the statute, and what omissions in the form of a certificate might be regarded as unsubstantial, it may be properly held that the above decisions cover the case in question. Such certificates should be liberally construed, and clearly, with reference to

the object and purpose to be reached. *Smith* v. *Boyd*, 101 N. Y. 477, 5 N. E. Rep. 319; *Cuykendall* v. *Douglas*, 19 Hun, 582; *Hunt* v. *Johnson*, 19 N. Y. 279. The purpose of the statute is clear, and everything that effectuates that purpose is material and cannot be disregarded. The statute provides that, to entitle it ' to be recorded,' the deed shall be acknowledged by a subscribing witness thereto. 1 Rev. St. p. 756, § 4. When taking the acknowledgment of the execution of a deed by the grantor himself, the officer must know, or by evidence be satisfied, that the person making such acknowledgment is the individual described in and who executed the same; and, with the same principal object in view, when the proof is made by a subscribing witness, the officer is not to take the proof unless he is personally acquainted with the witness, or has satisfactory evidence that he is the same person who was a subscribing witness to the instrument. 1 Rev. St. p. 758, § 12, *supra*. The chief and substantial thing is, however, that the officer shall, in all cases, be satisfied that the execution of the deed is the act of the person described in and who executed it. In order to be satisfied of the identity of a subscribing witness, it is not absolutely necessary that the officer should know his residence. In the case under consideration, the witness, who for several terms had been a surrogate in the city and county of New York, was a well-known resident of that city. The real end the statute sought to reach, for all purposes, seems to have been gained by the certificate, a copy of which is indorsed on the certified copy deed. *Hellreigel* v. *Manning*, 97 N. Y. 56, which was an action for specific performance, holds that defects in the record or paper title may be cured by parol evidence.

"But the record of the title to this property remaining in the register's office, to which no possible objection can be made, and of which every person dealing with it is bound to take notice, deprives the objection taken in this case of any force. It supplies every fact alleged to be wanting in the certificate. The subscribing witness, Gideon J. Tucker, had himself formerly owned this property, and in 1870 he conveyed the same to Lawrence. Tucker's deed to Lawrence is on record. In it Tucker is described as of the city and county of New York, and his acknowledgment of the execution of that deed was made before the same notary public before whom he afterwards appeared to testify to the execution of the deed from Lawrence to Irving. In view of these facts, the objection taken in this case must be regarded as ' technical.' For all the purposes which the recording act is intended to serve, the whole record concerning a parcel of land anterior to a conveyance, the sufficiency of the record of which as a notice to subsequent purchasers is challenged for defects of the nature of those involved in this action, and which are, in truth, unsubstantial, should be considered in determining whether the entire record does not supply every defect, however formal, and afford ample notice of the state of the title, and of every fact under the law necessary to be known by one who, in good faith, seeks to become a purchaser of the same real estate.

"But, if the view above expressed should not appear to be well founded, still sufficient appears in the evidence to show that the plaintiff has a good and valid title to the premises in question, and that no sufficient reason exists in law or equity for refusing a decree in her favor for a specific performance of the contract. The title of Lawrence is not questioned. His deed to Eliza Irving, through whom plaintiff claims, is lost, but with the disappearance of her deed the title of the grantee in the premises was not destroyed.

"Granted that the deed from Lawrence to Irving has never been recorded, or that the record was ineffectual for any purpose, the plaintiff's case is yet made out with a reasonable certainty. A conveyance of land, although unrecorded, is good and effectual between the parties thereto, and their heirs, and as to all others who had knowledge or notice of the conveyance. The existence and quality of a lost conveyance, although unrecorded, may be proved

by parol.  Lawrence conveyed to Eliza Irving in 1871.  That is clearly shown by the testimony of Gideon J. Tucker, the subscribing witness to the deed, who was examined as a witness before me, and the copy deed taken from the records was satisfactorily proven to be a copy of the conveyance to her.  Lawrence, who lived several years after he parted with the title upon his conveyance, yielded the premises to his grantee, Mrs. Irving, who has continued in actual and undisturbed possession ever since.  Such open possession, with claim of title, of itself constitutes notice to all persons.  *Brown* v. *Volkening*, 64 N. Y. 82;  *Pope* v. *Allen*, 90 N. Y. 298.  Mrs. Irving's right and title has never been disputed.  No claim has been interposed by any person adverse to her right.  The record shows no conveyance in opposition or hostile to her title.  Is it reasonable to suppose, under all the facts of this case, that there is in existence any purchaser in good faith from Lawrence other than Eliza Irving, with an unrecorded deed?  Many things may be supposed, and many conjectures entertained, but, to be effective as casting a cloud upon title to land, they must be reasonable.  ' There must be a real question and a real doubt.'  *Fleming* v. *Burnham*, 100 N. Y. 10, 2 N. E. Rep. 905.  To this might be added ' real persons,' and not imaginary ones, who were at least entitled to make a fair claim adverse to the plaintiff.  The doubt must be shown to be reasonably based on facts proved to exist; something more than a mere possibility.  The rule laid down in *Schermerhorn* v. *Niblo*, 2 Bosw. 161, is applicable here: ' The law does not regard trifles.  A bare possibility that the title may be affected by existing causes, which may subsequently be developed, when the highest evidence of which the nature of the case admits, and evidence amounting to a moral certainty, is given, that no such cause exists, will not be regarded as a sufficient ground for declining to compel a purchaser to perform his contract.'  A right in favor of no person has been asserted.  None is shown to exist, or even to be claimed; and, under the facts, it is the wildest conjecture that any could be based upon any substantial foundation.  It is scarcely possible even that the testimony of the subscribing witness, Tucker, as to the execution by Lawrence of the deed to Irving, could ever be contradicted or shown to be false.  Every presumption, legal and moral, is in favor of its truthfulness; and that evidence settles the question of the plaintiff's title in her favor beyond any reasonable doubt.

"I think that there is no weight in the second objection interposed by defendant.  It is clear that under the reformed trust deed the plaintiff had full power and authority to make a valid conveyance of the fee of the premises in question.  I think it is equally clear that the proceedings in the action brought in the superior court to reform the original deed of trust were not vitiated by reason of the alleged defect of parties to the record.

"It is claimed by the defendant that immediately upon the execution and delivery of the original deed of trust an expectant estate was created in the heirs of Irving Emmons, contingent, indeed, but one which no act of the grantor, the trustee, or Irving Emmons could have defeated, and that in consequence the heirs of Irving Emmons gained rights which could not be altered or extinguished by any action to which they were not parties.  Even if it be admitted that the rule laid down in *Nodine* v. *Greenfield*, 7 Paige, 544; *Williamson* v. *Field*, 2 Sandf. Ch. 533,—that in the case of remote limitations of the fee it is sufficient to bring before the court the persons *in esse* who have the first estate of inheritance, together with the persons having all the precedent estates and prior interests,—would not apply to actions to reform a deed of trust, conferring upon persons *in esse* contingent rights through remote limitations of the fees, I yet conclude that the objection is not well taken, for the reason that the heirs of Irving Emmons, if they take at all, would not take as purchasers, but by descent.  The estate of the trustee is one limited in duration by its requirements, and when the purposes of the trust are fulfilled, and the duties of the trustee are ended, the estate in the trustee ceases.  And

while so much of the trust declared in the original deed of the trust as empowered the trustee to collect the rents and profits of the premises in question, and to pay them over to Eliza Jonas during her natural life, was a valid trust under the statutes of this state, (1 Rev. St. p. 728, § 55, subd. 3,) yet it required for its accomplishment an estate in the trustee for the life of the beneficiary only. The remainder of the trust was clearly not valid as an express trust, (*Cooke* v. *Platt*, 98 N. Y. 35;) the trust to convey real property not being within the classes of allowable express trusts established by the Revised Statutes.

"It will not be necessary for me to determine here, however, whether the direction to the trustee to convey the fee of the premises in question, upon the death of Mrs. Jonas, conferred upon the trustees a valid power in trust, the fee of the premises remaining in the grantor and his heirs, subject to be divested by the execution of the power, (*Clark* v. *Crego*, 47 Barb. 614, 51 N. Y. 646; *Hotchkiss* v. *Elting*, 36 Barb. 38;) or whether, on the contrary, the trust was executed by the statute, and a legal estate in remainder passed at once to the beneficiaries, (1 Rev. St. p. 727, §§ 45, 47, 49.) Under either construction, the heirs of Irving Emmons would take, not as purchasers, but by descent. If, by force of the statute, the limitations in the original deed of trust created the legal estate, by way of remainder, in Irving Emmons, such a remainder would be clearly within the statutory and common-law definition of a 'vested remainder;' while if, on the contrary, the provisions of the trust deed created a valid power in trust, although prior to the execution of this power, the appointee would take no estate in the land, either legal or equitable, yet, upon its execution, the appointee would derive his title, not from the person exercising the power, or from the deed in the execution of the power, but from the trust deed itself; and the appointee would then take as though the estate had been directly limited in the original deed, and not immediately through the power. The character of the limitations, and not the fact that he derived an estate through the power, would determine the character in which the appointee took his title, whether as purchaser or as heir. And the legal effect of the limitations being, as we have seen, to create in Irving Emmons a vested remainder, which his heirs would take, not by purchase, but by descent, the interest of Irving Emmons under the power became a vested, and not a contingent, interest, which upon his death, in the life-time of Eliza Jonas, would descend to his heirs or pass to his grantees. And the consequence would not be affected by the power of appointment conferred upon Eliza Jonas by the deed of trust; for it is well settled that where a remainder is limited, subject to the exercise of a power of appointment, by which it may be defeated, such a remainder will be held to be vested, though a defeasible remainder.

"The further objection to the title is taken by the defendant, that Gideon J. Tucker did not join with his wife in the release of her dower right in the premises. This objection was not taken until the close of the trial of the action, and after Gideon J. Tucker, the husband, had been examined as a witness. Had it been suggested as important, it is probable that his assent and signature to the release could have been obtained upon the spot. But I do not regard the objection as sufficient to defeat the plaintiff's right. The wife of Tucker, by a separate instrument, dated the 5th day of July, 1875, for a valuable consideration, released and conveyed to Lawrence, the grantee of her husband, all her right, title, interest, dower, and the right of dower, in and to the premises in question. The instrument executed by her recited the fact of the conveyance of the land by her husband to Lawrence, and was evidently designed to complete and confirm it in so far as she was concerned, and, for the consideration expressed therein, to release and extinguish her claim of dower. I fail to see why such act of the wife, although subsequently performed, may not be regarded as an adoption of and as joining her husband's conveyance. A re-

lease to a stranger would have been void. But Lawrence was her husband's grantee, and was the owner of the fee. *Elmendorf* v. *Lockwood*, 57 N. Y. 322, and *Witthaus* v. *Schack*, 105 N. Y. 332, 11 N. E. Rep. 649, are recent cases, bearing upon this subject, but they do not, under their facts, present the precise case raised by the evidence before me. In *Marvin* v. *Smith*, 46 N. Y. 571, ALLEN, J., says: 'An inchoate right of dower may be released to the grantee of the husband by a proper conveyance, executed and acknowledged in the form prescribed by statute, but the right cannot be transferred to a stranger, or to one to whom the wife does not stand in privity.' In some of the states it has been held that the release of a wife's inchoate right of dower can only be made through her execution of her husband's deed, in which she should join. 1 Shars. & B. Lead. Cas. 310, 347. But *Savage* v, *Crill*, 19 Hun, 4, refers to the case of *Insurance Co.* v. *Bay*, 4 N. Y. 9, as holding 'that in this state a married woman may convey her lands, or any interest she may have in land, by deed duly acknowledged, although her husband do not join therein;' and decides that such rule ' would seem to be the same in respect to a release of dower.' *Savage* v. *Crill* holds that a release by a wife of her inchoate right to dower, ' to the holder of the title,' even if executed by her alone, would be valid. Id. 80 N. Y. 630. *Malloney* v. *Horan*, 49 N. Y. 112, 117, by a clear implication, holds the same doctrine. FOLGER, J., referring to *Carson* v. *Murray*, 3 Paige, 483, which holds that a wife cannot execute any valid release of her dower in the real estate of her husband in any other way than by joining with him in a conveyance to a third person, says: ' The release must at all events accompany or be incident to the conveyance of another.' The release and conveyance executed by the wife of Gideon J. Tucker, although made after he had conveyed away the title, may in truth be regarded, as it was clearly intended by the parties, as ' incident to her husband's deed,' and as made in ' conjunction ' therewith. In a subsequent case (*Bank* v. *Thompson*, 55 N. Y. 7) FOLGER, J., gives a clearer expression to the same idea; and, after stating that a quitclaim or release by a married woman to a stranger to the title is ineffectual to divest her of an inchoate right of dower, adds: ' But a release from the wife, executed directly to the purchaser, in connection with the sheriff's deed to him, will free the premises, and give him a good title.' That statement appears to cover this case. *Robbins* v. *Kinzie*, 45 Ill. 354.

"The full and uncontrollable right of a *feme covert* to her property is supposed to be secured by the statutes giving to her the right to enjoy and dispose of it. The inchoate right of dower of a wife is property. Its value is appreciable, and can be ascertained. Her husband cannot deprive her of it. The value of her separate interest in the land in question, which had been conveyed away by her husband, it was proper that she should realize, if she desired to do so, before his death. Upon the execution of her separate deed, she received its value, as a consideration for its delivery; and her act, I am persuaded, released the land from all claim of dower in her favor in law and equity. I cannot, therefore, conclude that any of the objections taken by the defendant are well-founded, or cast any reasonable doubt upon the goodness of the plaintiff's title to the land. There should be judgment in favor of the plaintiff for specific performance, as demanded in the complaint."

Judgment on referee's report, and defendant appeals.

Argued before SEDGWICK, C. J., and FREEDMAN and TRUAX, JJ.

*James P. Campbell* and *Alexander Thain*, for appellant. *Dill, Chandler & Seymour*, for respondent.

PER CURIAM. Judgment is affirmed on the opinion of the referee, with costs.