ELIZABETH FOWLER, Appellant, v. GEORGE CHADIMA, Appellee.

**Dower:** RELEASE BY WIFE: JOINDER. A husband and wife need not join in the same conveyance to effect a release of the latter's contingent right of dower; a quitclaim of all her interest by the wife alone to the grantee of the husband in a prior conveyance is effective to bar her dower therein.

*Appeal from Johnson District Court.*— HON. A. O. BYING-TON, Judge.

TUESDAY, MAY 7, 1907.

ACTION to admeasure dower. Petition denied, and plaintiff appeals.— *Affirmed.*

*S. H. Fairall,* for appellant.

*Remley & Remley,* for appellee.

WEAVER, C. J.— On and for some time prior to August 14, 1888, the plaintiff herein was the wife of one David H. Fowler, who was then the owner of a quarter section of

land in Johnson county, Iowa.   On July 26, 1888, plaintiff
made and delivered to her said husband a quitclaim deed,
purporting to convey to him all her interest in said land.
On August 14, 1888, said David H. Fowler sold and con-
veyed said land to one Novak by warranty deed in which
plaintiff did not join.   On October 4, 1888, plaintiff con-
veyed the same land to Novak by a quitclaim.deed in which
her husband did not join.   Thereafter, and during the life-
time of David H. Fowler, said Novak conveyed the land in
question to the defendant herein.   In the year 1904 Fowler
died, and thereafter plaintiff instituted this proceeding on
the theory that her contingent dower right in the land had
never been effectually released, and that upon his death she
became vested with the fee to a one-third interest in said
property.   To the petition of the plaintiff setting forth the
facts above related, the defendant demurred, on the ground
that the averments of said pleading affirmatively show a re-
lease of her dower right.   This demurrer having been sus-
tained, plaintiff elected to stand upon her petition, and
judgment was thereupon rendered against her for costs.
From this judgment, she appeals.

The one question thus presented is whether husband
and wife must unite in the same deed in order to effect a
release of the latter's contingent right of dower.   In a brief
showing much industry and research, counsel for appellant
has arrayed a large number of authorities for our considera-
tion, many of which may fairly be cited in support of his
proposition that at common law a joinder of husband and
wife in the same deed was necessary to an effectual release
of the wife's right of dower; but modern innovations by
statute and otherwise, upon common-law rules affecting the
property rights of married women, have been so great and
are of such radical character that the earlier precedents upon
the subject are of but little value, save as matters of history.
According to the ancient theory, the individuality and inde-
pendence of the wife were so merged (or submerged, rather)

in the person and authority of her husband that, generally
speaking, she was held incompetent to transact any business,
great or small, with reference to her own estate, or with
reference to her interest in the estate of her husband, unless
he united with her; and, while the husband could not by the
conveyance of his real estate defeat his wife's contingent
interest therein, yet, even after an absolute conveyance by
him of his own estate or interest in such property, his wife
was disqualified to release the possibility of a right on her
part, which could not ripen into emjoyment except by his
death, until he was willing to unite with her in executing
the necessary writing for that purpose.  If there was ever
any good reason for this rule, it has ceased to exist.  In
many, if not all, of the later cases cited by the counsel for
appellant, the decision has been reached, not so much be-
cause of reliance upon the common-law rule, as because the
terms of the statute of the particular State seemed to require
the deed or release to be executed by both husband and wife.
Our own statute does not attempt to prescribe the manner or
form in which dower may be released.  It does provide
(Code, section 2919) that a married woman may convey or
incumber real estate or any interest therein belonging to
her, and may control the same, or contract with reference
thereto, to the same extent and in the same manner as other
persons.  Technically speaking, dower, in the common-law
sense of the term, has long been abolished in this State, and
the wife's interest in her deceased husband's lands is a dis-
tributive share of one-third in fee of all the real property
possessed by him during his marriage, which has not been
sold on judicial sale, "and to which the wife has made no
relinquishment of her right."  Now, although a contingent
dower right may not be an estate, it certainly does consti-
tute an interest in land which is recognized by the statute
as being the subject of relinquishment by her in the life of
her husband.  Such being the case, it would seem that,
under the general terms of Code, section 2919, cited, its

relinquishment may be accomplished by her "in the same manner" as other persons not laboring under the disabilities of coverture would relinquish a contingent or remote interest in like property. So long as the husband retains his title to the land, there is good reason for saying the wife should not be empowered to convey or transfer her dower right to a stranger. There is also obviously good reason for saying that, when a husband has by his separate deed conveyed the fee to a third person, it should not be competent for his wife to convey or transfer her contingent interest to a stranger to the title, and the statute has wisely provided that a wife's contingent interest in her husband's property shall not be the subject of contract or traffic between them; but, when the husband has once conveyed the fee, why should the wife not be at liberty to relinquish her dower interest to the purchaser with or without her husband's consent?

The wife's deed under such circumstances, is not a grant or conveyance, in the legal sense of the term, though we frequently used those terms as applicable to her act. She has no estate in the land which she can grant or convey to another. She has at most a contingent interest, a possibility of an estate which may accrue to her in the event that she outlives her husband, and, while she cannot sell or convey it to another, she can release or relinquish it in favor of the owner of the fee, save only where the owner of the fee is her husband. Her relinquishment adds nothing to the quality of the estate of the fee owner, but it removes a burden or incumbrance therefrom. By enabling a married woman to engage in business in her own name, and to buy, sell, own, and control property as freely and effectively as her husband can do, our statute necessarily subjects her to the ordinarly rules of the law of estoppel, and when upon a sufficient consideration moving directly to her, or upon a consideration moving to her husband in the sale of the fee of his land, she, by deed or by formal release, relinquishes her dower right, she should be held estopped to say that, not-

withstanding such conveyance or relinquishment, she still demands an admeasurement of dower upon the husband's death. Indeed, it was the general rule, even at common law, that the wife's release of dower was held operative as an estoppel, rather than as a contract. *Gillan v. Swift,* 14 Hun (N. Y.) 574; *Reiff v. Horst,* 55 Md. 42. And decisions holding her estopped by her separate deed were not unknown before the modern statutes emancipating women from most of the disabilities of coverture. *Shepherd v. Howard,* 2 N. H. 507; *Fowler v. Shearer,* 7 Mass, 14; *Irving v. Campbell* (Super. Ct.) 4 N. Y. Supp. 103; *Nelson v. Holly,* 50 Ala. 3. She has often been held estopped by her conduct, on which the purchaser of the fee has relied, although no deed of any kind was executed by her. *Wright v. DeGroff,* 14 Mich. 164; *Connolly v. Branstler,* 3 Bush. (Ky.) 702 (96 Am. Dec. 278); *Hart v. Giles,* 67 Mo. 175; *Smiley v. Wright,* 2 Ohio, 506.

This court has had no case before it raising the question precisely as it is presented by the record now before us; but we have on several occasions considered questions involving principles which we think must govern our conclusion. For instance, it has several times been held that, till modified by the enactment of Code, section 3154, our statutes empowered husband and wife to enter into contracts with each other for the sale or relinquishment of their contingent rights in each other's property. *Robertson v. Robertson,* 25 Iowa, 354; *Poole v. Burnham,* 105 Iowa, 622; *McKee v. Reynolds,* 26 Iowa, 578. In the last case, the court held that, even if the circumstances of the case made the release from husband to wife invalid as a contract, yet where the release has been executed, and the consideration paid, " the law will estop the husband to disregard the agreement." In the same case, Mr. Justice Dillon, who wrote the opinion says: " Aside from the statute, it is a well-established rule that a wife cannot relinquish her contingent right of dower, except by joining with her husband in a conveyance to a

third person, or, at least, after a sale and conveyance by him, executing to the purchaser from him a release or relinquishment." It is true this remark appears to have been made *arguendo,* but it is significant of the view held by that distinguished jurist as to the broadening effect of the statute upon the rights of married women and of the manner in which a release of dower may be effected thereunder. Again, in *Dunlap v. Thomas,* 69 Iowa, 358, we find that even an oral relinquishment by a wife, made upon consideration paid, and upon which the purchaser relies, will be respected and enforced. Now, Code, section 3154, does no more than to render husband and wife incompetent to contract between themselves concerning their contingent interest in each other's lands. It in no manner affects the right of either as it stood before its enactment to relinquish his or her contingent interests to a third person holding the fee by conveyance from his or her spouse. If, except for this statute, the wife could of her own right and volition relinquish her contingent interest to her husband, and thus enable him by his individual deed to convey an unincumbered title to his grantee, it would seem clear that she could accomplish the same end by making the relinquishment direct to such grantee — and, while the statute last referred to disenables her to relinquish to her husband, it does not in terms or by implication take away her rights in any other respect.

The statutes of the several States bearing upon this subject and kindred subjects are quite dissimilar in terms, and most of the decisions of the courts of other jurisdictions are for that reason not in point with the instant case. In our judgment, to hold that a wife cannot effectively release her dower interest in land to the grantee of her husband, without joining the latter with her in the relinquishment, is to ignore the spirit and purpose of our statute, and revert to burdensome forms and restrictions which the law has long since outgrown. We do not overlook the objection that the instrument in this case is in form a conveyance or quitclaim;

but we think that, under the circumstances as pleaded in the petition and admitted by the demurrer, the court is bound to give it effect as a release of dower.

The ruling of the district court is right, and the decree appealed from is *affirmed*.