COUNTY OF LOUISA, Appellant, v. FRANK M. GRIMM et al., Appellees.

**DOWER:** Release—Release in Subsequent Independent Conveyance—Effect. A real estate mortgage executed by the husband, but not by the wife, becomes a lien upon the entire mortgaged premises instantly upon the subsequent execution by the husband *and wife* of a conveyance of the property to a third party.

Headnote 1: 19 C. J. p. 523 (Anno.)

Headnote 1: 12 A. L. R. 1347; 9 R. C. L. 588.

*Appeal from Louisa District Court.*—JAMES D. SMYTH, Judge.

FEBRUARY 15, 1927.

Action for foreclosure of a school fund mortgage. The court decreed foreclosure as to part of the mortgaged premises, and denied it as to part. The plaintiff appeals.—*Modified and affirmed.*

*F. M. Molsberry* and *E. R. Hicklin*, for appellant.

*Arthur Springer*, for appellees.

FAVILLE, J.—One John G. Grimm was the owner of an undivided one half of the south half of the northwest quarter of Section 31, Township 75 north, Range 3 west of the 5th P. M., except the west nine acres thereof. Laura E. Grimm was his wife. On the 11th day of March, 1920, the said John G. Grimm executed to the appellant a mortgage upon said described real estate, to secure the sum of $3,000. The wife, Laura, did not join in the execution of said mortgage. The mortgage was duly

filed for record. On February 8, 1923, the said John G. Grimm and his wife, Laura, conveyed said undivided one-half interest in said described real estate to the appellee Frank M. Grimm by warranty deed, subject to the mortgage in question. Thereafter, the said John G. Grimm died. Laura, the widow of said John G. Grimm, entered an appearance in this cause, but filed no pleading, and was adjudged by the court to be in default. The court found, however, that the said Laura had no right, title, or claim of any kind in said real estate. The court decreed that said judgment was a lien upon the undivided two thirds of said described real estate, and foreclosed said mortgage as to said portion of said premises, and decreed special execution.

But one question is involved in this appeal, and that is with regard to the dower interest of the widow of the mortgagor, John G. Grimm, in said premises. The fee to the premises was vested in the mortgagor, John G. Grimm. The mortgage covered his entire interest in said premises. The trial court held that the mortgage was a lien upon only two thirds of said premises, and foreclosed it as to said portion.

There is no question but that the inchoate right of dower, or distributive share, as it is termed under our statute, attached to the land in question upon concurrence of the seizin of the husband and coverture of the wife. Section 11990, Code of 1924; *Mock v. Watson*, 41 Iowa 241; *Kendall v. Kendall*, 42 Iowa 464; *Butler v. Butler*, 151 Iowa 583. This inchoate right of dower in the husband's real estate may be released or waived by the wife by conveyance to some other party than her husband. The common, usual, and ordinary manner of release or waiver is by the wife's joining with the husband in a conveyance of the premises by either deed or mortgage. Under our holdings, no conveyance on the part of the husband only could defeat the wife's right to dower in his estate. *Sullivan v. Sullivan*, 139 Iowa 679. It therefore must be conceded that, at the time of the execution of the mortgage in question, the husband, acting alone, could in no way affect the dower right of his wife in the mortgaged premises. The statute (Code Section 11990) provides that the dower attaches to "one third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, * * * and to which the wife had made *no relinquishment* of her right."

The very terms of the statute are quite sufficient to require a reversal of the decree of the trial court. The inchoate interest of a married woman in the property of her husband is in the nature of a burden or incumbrance upon the real estate owned by him, which she may relinquish. In *Fowler v. Chadima*, 134 Iowa 210, we said:

"She has no estate in the land which she can grant or convey to another. She has at most a contingent interest, a possibility of an estate which may accrue to her in the event that she outlives her husband, and, while she cannot sell or convey it to another, she can release or relinquish it in favor of the owner of the fee, save only where the owner of the fee is her husband. Her relinquishment adds nothing to the quality of the estate of the fee owner, but it removes a burden or incumbrance therefrom."

In the instant case, the mortgagor owned the fee title to the premises. He mortgaged his *entire* estate therein. At the time, his wife had an inchoate interest therein, in the nature of a lien or incumbrance, contingent upon her survival of her husband. If she died before her husband, this inchoate interest would utterly cease and determine, and the title conveyed by the husband alone would be absolute. She could, however, "relinquish her right" in proper manner during his lifetime. That is the precise thing which she did in the instant case. During the life of the husband, she relinquished any and all rights of dower that she might have in and to said premises. All claim for dower in the premises in question having been relinquished, the mortgaged premises became at that moment freed from any possible future claim of the wife's for dower in the event that she survived her husband. The widow claims no interest in the premises in this action. The court in its decree expressly found that she had "no right, title, or claim of any kind in said real estate." Such being true, there can be no good reason suggested why the appellant's mortgage should not be established as a lien upon the entire interest conveyed to it by the holder of the fee title, the mortgagor. The only obstacle that ever existed as to such full title was the inchoate interest of the wife at the time the mortgage was executed. That interest has disappeared. The wife has relinquished it entirely. She does not now assert it. What, then, stood in the way of appellant's right to foreclosure

as to the entire premises conveyed under the mortgage? Nothing whatever.

Cases cited by appellees involving application for admeasurement of dower by a surviving widow are not applicable to the situation presented herein. The decree of the trial court is, on its face, inconsistent. If the wife of the deceased mortgagor has "no right, title, or claim in the real estate," we are at a loss to understand why appellant's mortgage should not be foreclosed as to the entire interest in the premises conveyed thereby. By the deed to the appellee Frank, the wife of the grantor relinquished her inchoate right of dower in the premises, but did not (and could not) convey such inchoate right to the grantee, so that he could assert it against the mortgagee, as an interest in the premises after the death of the grantor. The wife had no estate that she could grant or convey. *Fowler v. Chadima*, supra; *Craven v. Winter*, 38 Iowa 471; *Dunlap v. Thomas*, 69 Iowa 358; *McKee v. Reynolds*, 26 Iowa 578. Since she has relinquished her inchoate right, it is gone forever as to the premises, unless, perhaps, there should be a re-establishment by a reconveyance to the husband. No such contingency is here. We see no escape from the conclusion that the trial court erred in refusing to establish appellant's mortgage as a first lien on the undivided one half of the premises.

To the extent herein indicated, the decree of the trial court will be modified.—*Modified and affirmed.*

All the justices concur.