ROBERTSON V. ROBERTSON.

1. **Husband and wife: CONVEYANCE BY WIFE TO HUSBAND: RELINQUISHMENT OF DOWER.** A conveyance by a wife to her husband executed under an agreement of separation, relinquishing her right of dower in his real estate, and releasing all claim upon him for future maintainance and support, will be upheld when supported by a consideration, and no fraud, deception or oppression was practiced upon her.

2. —— **FALSE REPRESENTATIONS OF HUSBAND.** The fact that the husband and a friend who acted for him in connection with one who acted for her in arranging the terms of settlement in such case, represented to her that her interest in the husband's lands at his death would be a life estate, when, in fact, she would, under the statute, be entitled to a fee simple interest, would not constitute such grounds of fraud as to justify a court of equity in releasing her from the effect of her deed, when it does not appear that such representations were known to the parties making them to be false, nor that she was induced thereby to execute the deed. The other facts that were in the present case held insufficient to avoid the conveyance, stated and discussed by BECK, J.

3. —— **CAPACITY OF WIFE TO CONVEY.** A wife may, under our statute, convey to her husband, without the intervention of a trustee, an interest held by her in his lands.

*Appeal from Appanoose District Court.*

THURSDAY, JULY 23.

THIS is a suit in chancery to cancel and set aside a certain deed executed by plaintiff to defendant, relinquishing all her right of dower in the real estate of defendant, her husband, and releasing all claim upon him for maintenance and support. Decree granting the relief prayed for in plaintiff's petition. Defendant appeals.

*Withrow & Wright* and *J. P. Robertson* for the appellant.

*A. Harris* and *Perry & Townsend* for the appellee.

Robertson v. Robertson.

BECK, J. — The parties to this suit are husband and wife. At the time of their marriage each was about fifty years of age, and had children by prior marriages. They united their families, and thus attempted to live together. In less than two years they separated. At the time of the separation the plaintiff executed a deed in proper form relinquishing her right of dower in the real estate of defendant, and also releasing defendant from all claim upon him for her support and maintenance. The consideration of this deed was certain property and a small sum of money which were received by plaintiff. The amount of money so paid by defendant, as well as the different articles of property received from him by plaintiff, were determined by two friends of the parties, each choosing one. After the execution of the deed, and the receipt by plaintiff of the money and property, she left the house of defendant and remained absent for a time, but returned and proposed to resume her duties as wife; not being so received, she remained but a day or two, and again left. This suit was then instituted by her, and the only relief asked is that said deed may be canceled and declared void. The grounds of this relief are fraud and circumvention practiced by defendant in inducing her to execute the deed.

Without attempting to discuss the evidence or stating the reasons upon which we base our conclusions as to the facts, it will be sufficient for our purpose to state briefly such conclusions.

I. The purpose of a separation between the parties was first formed by plaintiff, and was adopted by defendant upon her suggestion, and after some hesitation and opposition. The causes of this wish to live separately were disagreements and bad feeling growing out of improper conduct of the children of the parties, and quarrels between

them, a result of frequent occurrence where two families are thus brought together.

II. The plan of selecting friends to determine the amount of property and money to be paid to plaintiff, was of her own choosing, and was carried out honestly by defendant. No attempt is made to charge fraud upon those friends in their action. The only unfair dealing in regard to the selection of these friends, and in attempts to influence their decision that is noticeable in the evidence, was on the part of plaintiff herself.

III. The parties had lived together less than two years. During the latter portion of this time the plaintiff had not fully performed her duties toward the family of defendant. In the settlement she received all the property she had brought with her, together with other property, of no great value, however, and $50 in cash. We are unable to conclude that the value of what was thus received by her is grossly disproportionate to the value of her just rights in defendant's property and claim upon him. She had more than once before the settlement offered to accept property of no greater value than was finally awarded to her.

IV. Defendant, and his friend who acted for him in arranging the terms of separation, both represented to 2. — false re- plaintiff that her interest in defendant's lands presentations of husband. at his death would be a life estate. It does not appear that these representations were known to the parties making them to be false, or that plaintiff so relied upon them that she was induced thereby to execute the deed. They do not, therefore, constitute such grounds of fraud as will justify the interference of equity to relieve her from the effect of the deed. 1 Story's Eq. Jur. § 101.

V. At the time the arrangement for the separation was being made, but before it was completed, and prior

to.the friends of the parties agreeing upon the terms, the deed was drawn by a justice of the peace, whose attendance had been procured for that purpose, and signed and duly acknowledged by plaintiff. The consideration to be paid by defendant was not written in the deed, as it had not yet been agreed upon, but a blank was left for that purpose. An agreement was also prepared embodying the terms of separation, in which the property and amount of money to be received by plaintiff were not inserted, but blank space left therefor, as in the deed, and for the same reason. After the terms had been settled by the friends, the blanks in these instruments were filled up; plaintiff was present, and although she expressed dissatisfaction as to the amount of property allowed her, expressed her determination to abide by the result, and consented to the filling of the blanks in the deeds. She fully understood the purport and effect of the instruments. They were read to her more than once, and carefully and truly explained. She accepted the property and money, voluntarily left the defendant's house, and has never returned, or offered to return, what she received in the settlement.

VI. The defendant relinquished all his right in and to certain lands of plaintiff, which is described as a dower interest. It appears that plaintiff's interest therein is only a life estate; defendant could, therefore, by no possibility, have any interest in the land after her death. It is claimed that plaintiff was induced to believe that defendant had a valuable interest in the lands, which influenced her largely in making the arrangement for separation, and in fact was a part of the consideration of her deed, which she now seeks to avoid. But there is no evidence to show that defendant in any way deceived her in regard to the nature of his interest in her lands, or that on account of the release of his sup-

posed interest she was at all influenced to execute the deed.

VII. We have been unable to satisfy ourselves that in the transaction any fraud, deception or oppression was practiced toward plaintiff by defendant, or that she is entitled to any relief in equity. She left the defendant voluntarily. The evidence shows that he was not willing for a separation until it became necessary for the comfort of himself and family. It does not appear that she fully discharged all her duties as a wife and mother of the family, and her offer to return and live with defendant, is not without suspicion that it was made for the purpose of this suit and not in good faith. She went from the house of defendant, with whom she had lived less than two years, somewhat better off in worldly goods than when she married him, and she does not complain that during the time she lived with him she and her children were not well provided for. While probably the cause of the unhappy differences between her and the defendant which led to the separation, is not solely attributable to her, it is quite certain that by the exercise of forbearance and proper authority over the united families, she could have avoided the separation and preserved the union and peace of the families. She is not, therefore, entitled to that large share of sympathy usually extended to oppressed and deserted wives.

VIII. The counsel of plaintiff claim that her deed is void for want of capacity in her to convey to her husband, 8. —— capacity of wife to convey. without the intervention of a trustee, her interest in his lands. But this court has held that such conveyances, if untainted by fraud and fairly and honestly obtained, will be sustained. *Blake* v. *Blake*, 7 Iowa, 52; *Wright* v. *Wright*, 16 id. 496; *Logan* v. *Hall*, 19 id. 498; Rev. § 2215; *Simms* v. *Hervy*, 19 Iowa, 287.

The rights of a married woman are greatly enlarged by our statutes, and her separate legal existence recognized to a considerable extent. She may make contracts in relation to her separate property, and receive grants or gifts of property from her husband, without the intervention of a trustee. Section 2215 of the Revision provides that " a married woman may convey her interest in real estate in the same manner as other persons." The courts are inclined to secure to her the full benefit of all rights thus given her. And reason and justice require, as well as security for these rights, that her contracts, lawfully made, should bind her and be enforced against her, as well as upheld when they are for her benefit.

We are united in the opinion that plaintiff is entitled to no relief in the case made by the evidence. Her petition is therefore dismissed.

Reversed.