Linton v. Crosby.

REVERSED.

---

LINTON v. CROSBY ET AL.

1. **Dower**: HUSBAND AND WIFE: CONTRACT. A contract between a husband and wife by which each relinquishes the right of dower in the lands of the other is void under section 2203 of the Code.

2. ———: LIMITED TO ONE-THIRD: WILL. Dower, under the statute, is limited in all cases to a one-third interest, and a husband or wife may dispose of two-thirds of his or her property by will, free from the claim of the other for dower, although the parties have no children.

*Appeal from Clayton Circuit Court.*

WEDNESDAY, OCTOBER 6.

THIS is an action for the admeasurement of the dower of plaintiff in the lands of her deceased husband. By the judg-

ment of the Circuit Court it was declared that plaintiff was entitled, as her dower interest, to one-half of the lands, and referees were appointed to admeasure it. From this judgment defendants appeal.

The facts of the case appear in the opinion.

*L. O. Hatch* and *James O. Crosby,* for appellants.

*Murdock & Larkin* and *D. S. Wilson,* for appellee.

BECK, J.—I. The petition alleges that plaintiff is the w. low of John Linton, who died seized of certain lands in th. State; that he left no child or children surviving him; that he devised all the lands to his brothers and sisters; that the will has been admitted to probate, and that the plaintiff has refused to accept under the will, and has not relinquished her dower in the property. The plaintiff claims as dower one-half of the lands, and prays for relief accordingly.

The defendants, answering, admit the marriage of plaintiff with deceased, and that no issue was born to them, but allege that in 1867 she abandoned him, and they always thereafter lived separately. It is further shown in the answer that, in consideration of the separation of the parties, they entered into a written contract by which each relinquished all dower interest or right to the other in and to all lands then owned, or thereafter to be acquired, by either of them. The consideration of this contract is declared to be the mutual agreement of the parties therein expressed. It was duly acknowledged and recorded. This instrument, defendants claim, operates as a relinquishment of plaintiff's dower. The answer admits the disposition of the property by will to the brothers and sisters of the devisor.

Plaintiff, in her reply to the answer, admits that she and her husband lived separate, alleging that he abandoned her without cause. She further alleges and insists that the contract, under which defendants claim relinquishment of her

dower, is void under Code, § 2203, which forbids contracts of that character. A demurrer to plaintiff's reply was overruled, the court thereby holding plaintiff's dower is not barred. During the progress of the case other rulings, based upon the same view of the law, were made. They, as well as the pleadings and facts of the case not above set out, need not be recited here.

II. The sole question for our determination is this: Is the contract of plaintiff, entered into with her husband, whereby she relinquished to him her right of dower in his estate, valid under the statutes of this State? The question here presented is not one of difficulty, and may be disposed of upon a brief consideration.

1. DOWER: husband and wife : contract.

. Code, section 2203, is in the following language: "When property is owned by either the husband or wife, the other has no interest therein which can be the subject of contract between them, or such interest as will make the same liable for the contracts or liabilities of either the husband or wife who is not the owner of the property, except as provided in this chapter."

. This provision relates to the interest which a husband or wife holds in the lands owned by his or her spouse which arises under the marriage relations. It does not refer to a property interest that may be based upon contract, or may be derived from sources other than the marriage relation. The section evidently contemplates and includes in its language the dower estate. Upon the marriage relation this estate is based. The exception at the close of the section refers to section 2214, which provides that expenses of the family, and of the education of the children, are chargeable upon the property of the husband and wife; contracts made by one spouse, under which such expenses are incurred, may be enforced against the other. Sections 2207 and 2208 provide for the enforcement of such contracts in cases of abandonment of the association required by the marriage relation.

The exception cannot be construed as applicable to contracts relating to dower. Section 2202 provides that a married woman may own, convey and devise property acquired by descent, gift or purchase, to the same extent and in the same manner as such acts may be done by the husband; and section 2206 declares that, "a conveyance, transfer or lien, executed by either husband or wife, to or in favor of the other, shall be valid to the same extent as between other persons."

These provisions relate to property owned absolutely by the husband and wife in their own right, and not to the interest one may have in lands of the other.

This construction of the several sections cited will give effect to all. It is, too, in accord with the obvious meaning of the language of each.

Section 2203 was first introduced into the present Code; it had not before been the law. Prior thereto this court had held that under an agreement to separate, a husband and wife could relinquish to each other dower held by each in the property of the other. *Robertson v. Robertson*, 25 Iowa, 350; *McKee v. Reynolds*, 26 Id., 578. The provision just cited was intended to change this rule.

III. By the judgment of the Circuit Court one-half of the lands were set apart as the dower of plaintiff. This, we think, is erroneous; her dower is limited by the statute to one-third of the lands.

2. ——: limited to one-third: will.

Code, § 2440, provides that one-third in value of all the lands of the husband to which the wife has made no relinquishment of her rights, shall upon his death be set apart as her property in fee simple. This interest cannot be affected by any will of the husband unless she assents thereto in the time and manner prescribed. § 2452. In the absence of a will, if neither children nor parents survive the husband, the widow takes one-half of the real estate. § § 2453, 2458. Of course, if there be a will, the widow's dower interest is determined by section 2440, and she takes thereunder one-third of the deceased husband's lands, the two-thirds remain-

ing he can dispose of by will.    *Smith v. Zuckmeyer*, 53 Iowa, 14.

For the error in adjudging that plaintiff's interest is one-half instead of one-third of the lands of her deceased husband, the judgment of the court below is reversed and the cause is remanded for proceedings in accord with this opinion.

REVERSED.