[Decided June 28, 1894.]

## JENKINS v. HALL.
### [ 37 Pac. 62.]

26    79
e43   151

1. HUSBAND AND WIFE— CONTRACTS— PUBLIC POLICY — CODE, §§ 2869, 3098.—
Under the terms of section 2869, Hill's Code, neither a husband or wife can contract with the other regarding any estate growing out of the marriage relation, and conveyances between married persons intended to cut off or relinquish such estates are entirely void: *House* v. *Fowle*, 20 Or. 163, cited and approved. Under this rule contracts concerning dower, curtesy, and the rights which a husband acquires in his wife's property at her death, under subdivision 2 of section 3098, Hill's Code, are all void on grounds of public policy.

2. MARRIED WOMEN— DEEDS— HUSBAND AND WIFE— CODE, § 2871.—A conveyance between a husband and his wife, or, *vice versa*, when it concerns property owned by one or the other in his or her own right, is valid to the same extent as a conveyance between persons that are not husband and wife: Hill's Code, § 2871. Since, in dealings between persons who are not husband and wife, a grantor may convey to a married woman an estate absolutely free from all claims of her husband, it necessarily follows that a husband may convey to his wife any property owned by him, and exclude himself from all interest therein.

3. HUSBAND AND WIFE—SEPARATION—PUBLIC POLICY.—A deed from hus-
    band to wife cannot be said to be made on an agreement for separation,
    and therefore void as against public policy, where it appears only that he
    had determined to abandon and desert her, and that she had joined in
    deeds of other lands which he owned.

APPEAL from Union: MORTON D. CLIFFORD, Judge.

This is an action by John Jenkins against G. T. Hall
and others to recover the possession of a certain tract of
land in Union County, Oregon, particularly described in
the complaint. Briefly the facts are: That on the twenty-
first day of January, eighteen hundred and eighty-two, the
plaintiff and Rebecca Jenkins were husband and wife; that
such relation existed between them for a long time prior
thereto, and continued until the death of the wife; that
on the —— day of ——, eighteen hundred and ninety-
one, the said Rebecca died intestate in the State of Mis-
souri, leaving no lineal descendants, but left surviving
her, as next of kin, the plaintiff, her said husband, one
brother and three sisters, named, respectively, John and
Jessie McLean, Margaret McLennon, and Anna Matheson;
that at the time of her death she was the owner in fee
simple, and in the actual possession, of said land; that
in due time letters of administration were duly issued by
the county court of said county; that her estate was in all
things and respects settled, the residue distributed, and on
the sixth day of January, eighteen hundred and ninety-
three, the administrator was duly discharged, and that the
said brother and sisters took possession of said land to the
exclusion of the plaintiff. It further appears that on said
twenty-first day of January, eighteen hundred and eighty-
two, the plaintiff being about to abandon and desert his
said wife Rebecca, and in view thereof, and in the further
consideration that she then and there joined with the plain-
tiff in conveying other real estate belonging to him, con-

veyed the said land to her by deed, the title to which was at that time in him (plaintiff); that said deed was duly acknowledged and recorded as by law provided, and, among other things, contained the following clause: ''This deed is made by the party of the first part, and accepted by the said party of the second part, in compliance with a mutual contract for the separation and segregation of the lands, properties, and effects of and belonging to the said parties, or either of them, so that the same may be hereafter held in severalty by each, without any claim thereon by the other; and the said party of the first part hereby covenants with the second party, her heirs and assigns, that neither he nor his heirs, executors or administrators shall or will, at any time in the future, make or claim any right, title, or interest of, in, or to the said lands or premises hereby conveyed, or any part thereof.'' The defendants are in possession of said lands as lessees of John McLean and others, claiming to be the heirs of Rebecca Jenkins, and since the said twenty-first day of January, eighteen hundred and eighty-two, plaintiff and his wife Rebecca Jenkins have lived separate and apart from each other, and were so living at the time of her death, etc. The facts having been stipulated, the court found for the plaintiff, and entered a judgment in his favor, from which the defendants appeal.                                 REVERSED.

*Mr. R. Eakin,* for Appellants.

A husband is tenant by the courtesy in the lands of his wife, only when the man and his wife are seized of the lands in her right on the death of his wife: Section 2983 Hill's Code; *Cochran* v. *O'Hern,* 4 Watts and Ser. 98; *Curling* v. *Blake,* 30 N. J. Eq. 689, 39 Am. Dec. 60; *Stubblefield* v. *Menzies,* 8 Sawy. 41.

A conveyance executed by either husband or wife to

26 OR.—11.

the other shall be valid to the same extent as between other persons: Hill's Code, § 2871. The husband or wife has no interest in the property of the other which can be the subject of contract between them: Hill's Code, § 2869. The clause in this deed relating to the segregation of their property discloses a purpose on the part of the grantor to bar himself of any claim to that property, either by the curtesy or as an heir, and the court will give it that effect: *Rautenbusch* v. *Donaldson* (Ky.), 18 S. W. 536; *Haight* v. *Hall* (Wis.), 17 Am. St. Rep. 122; *McNutt* v. *McNutt* (Ind.), 19 N. E. 115; *Munroe* v. *Van Meter*, 100 Ill. 352; 1 Washburn on Real Property, 169; *Gause* v. *Hale*, 2 Ired. 241; *Clarke* v. *McGuire*, 16 Mo. 302; *Withers* v. *Jenkins*, 14 S. C. 597; Schouler's Domestic Relations, 262, 276, 284; *Neves* v. *Scott*, 50 U. S. 196.

If such is the intention of the deed, the court will so construe the deed to give it effect according to the intention disclosed by its terms, unless the statute of this state is such as to preclude such terms and conditions being inserted in a deed from the husband to the wife: Bishop on Married Women, § 423; *Haight* v. *Hall*, 42 N. W. 109; *Pool* v. *Blakie*, 53 Ill. 495; *Munroe* v. *Van Meter*, 100 Ill. 348.

The intention of this deed was to preclude the plaintiff from claiming the land as heir, and there is no clause in our statute that precludes the husband from conveying his lands to the wife, and the statute expressly provides that the deed shall have the same effect between the husband and wife that it would have between strangers: Section 2871. It cannot be claimed in this case that this deed, or this clause in the deed, is in violation of section 2869, for the reason that the deed does not attempt to convey to the wife the husband's interest in lands of the wife; but, on the contrary, it is a conveyance by the husband to the wife of his own lands, which is expressly authorized by section 2871.

Seisin in law by the husband does not give the husband curtesy. Seisin must be actual, and seisin of the wife of her separate property cannot operate as seisin of husband and wife: *Fuller* v. *Johnson*, 24 W. Va. 95; *Cochran* v. *O'Hern*, 4 Watts. and S. 98, 39 Am. Dec. 60; *Billings* v. *Baker*, 28 Barb. 343; *Long* v. *Marvin*, 15 Mich. 59; *Stubblefield* v. *Menzies*, 8 Sawy. 45. A conveyance of curtesy by the husband to trustees for the wife and children, bars the curtesy: *Hitz* v. *National Bank*, 111 U. S. 723. A conveyance by the husband to the wife (although void as contrary to the statute) is good in equity and bars the curtesy: *Sayers* v. *Wall*, 26 Gratt. (Va.), 354, 21 Am. Dec. 303; *Rigler* v. *Cloud*, 14 Pa. St. 361. The husband can have no curtesy in lands devised in fee to the sole use of the wife: *Cochran* v. *O'Hern*, 4 Watts and Ser. (Pa.), 95, 39 Am. Dec. 60; *Stokes* v. *McKibbon*, 13 Pa. St. 267. The husband has no curtesy unless he is seized at the time of the death of the wife: Code, § 2983; *Steinbaugh* v. *Wisdom*, 13 B. Mon. 467; *Petty* v. *Malier*, 15 B. Mon. 591.

*Messrs. C. A. Johns*, and *J. L. Rand*, for Respondent.

Under the statute of descent the plaintiff is then the heir of deceased, and entitled to her property if he is not estopped or prohibited from claiming it by virtue of the covenants and conditions in his deed made to his wife. We claim that he is the owner in fee simple and entitled to the possession of the property, and that the judgment of the court below is correct.

Section 2954, Hill's Code, providing for dower, has been construed by this court in *House* v. *Fowle*, 20 Or. 163. Under the last section, and the construction placed upon it by this court, plaintiff is clearly entitled to curtesy.

Under subdivision 2 of section 3098, as amended in eighteen hundred and eighty-nine, plaintiff is the owner

in fee simple of this property, unless he is barred or es-
topped by the covenants in his deed of eighteen hundred
and eighty-two.    The court will observe that the convey-
ances between plaintiff and deceased were made after mar-
riage, and that they were never divorced.    There is a rad-
ical distiction between an ante-nuptial and a post-nuptial
agreement.    The law in some states recognizes the right
of parties before marriage to enter into valid and binding
contracts relating to the property of each other, and these
contracts will be recognized and enforced, but this is a
post-nuptial contract, and made during coverture, and the
court will observe on examination of the authorities cited
by the appellant, that he has failed to note this distinction.
While it may be an open question, yet under our views of
this case we concede as to the plaintiff, he is estopped to
deny the validity of the conveyance to the deceased, and
had the deceased in her lifetime conveyed the property to
another, or subjected it to a lien or mortgage, it would
have bound the plaintiff, and he could not claim title.    But
such is not the case, hence the real question at issue is
whether or not the legal effect of the conveyance is to ab-
rogate the law of descent, suspend the right of a party to
claim title under the statute, and rest the title upon the
inferior heir.    Under the admitted facts in this case, we
deny that it was the intention of the deed to preclude
plaintiff from claiming the land, except as to the deceased
or her assigns.    We contend that the plaintiff kept all the
covenants of the deed, and all that were intended to be
kept, and that the brothers and sisters of the deceased
can not rightfully claim the benefit of the covenants made
by plaintiff with the deceased.

We have failed to find, and do not believe counsel for
the appellant can find or cite, a single authority where the
courts, in an action at law, will enforce a post-nuptial con-
tract or covenant in such a way as to abrogate the law of

decent, even admitting that such is the force and effect of the covenants or contract. If the plaintiff was the only person entitled to claim the property in dispute, it would not certainly be contended that the estate of the deceased would escheat to the state, and yet if there were no other heirs of the deceased, except the plaintiff, such would be the result of appellant's theory in this case. We claim that the decree of the court below is correct: *Linton* v. *Crosby*, 56 Iowa, 386, 41 Am. Rep. 107, N. W. 726; *Glase* v. *Davis* (Ind.), 21, N. E. 319; *Groesbeck* v. *Groesbeck* (Tex.), 14, S. W. 792: *Sutherland* v. *Sutherland*, 69 Ill. 481.

Opinion by MR. CHIEF JUSTICE LORD.

1. Upon this state of facts the inquiry is, who inherits the land of the intestate Rebecca Jenkins,— the plaintiff, who was her husband at the time of her death, or her said brother and sisters? Our Code provides: "If the intestate shall leave no lineal descendants, such real property shall descend to his wife, or, if the intestate be a married woman, and leave no lineal descendants, then such property shall descend to her husband": Subdivision 2, section 3098 Hill's Code. It also provides that "when any man and his wife shall be seised in her right of any estate of inheritance in lands, the husband shall, on the death of his wife, hold the lands for his life, as tenant thereof by the curtesy, although such husband and wife may not have had issue born alive": Section 2983, Hill's Code. Under these provisions, upon the admitted facts, the plaintiff is heir of his wife to the land in question, and tenant thereof by the curtesy, unless he has relinquished his rights as such by force of the said clause in the deed to his wife. Whether the deed has such effect depends upon other provisions of the Code, to which we must refer. Section 2869 provides that "when property is owned by either husband

or wife, the other has no interest therein which can be the subject of contract between them," etc.; and section 2871 provides that "a conveyance, transfer, or lien executed by either husband or wife to or in favor of the other shall be valid to the same extent as between other persons." These provisions of our Code are identical with sections 2203 and 2204 of the Iowa Code, from which they were taken. It is a familiar rule that when a statute of another state is adopted, the decisions of that state are authority for its construction: *Trabant* v. *Rummell*, 14 Or. 17, 12 Pac. 76. In construing section 2203 of the Iowa Code, BECK, J., said: "This provision relates to the interest which a husband or wife holds in the lands owned by his or her spouse, which arises under the marriage relation. It does not refer to a property interest that may be based upon contract, or may be derived from sources other than the marriage relation. The section evidently contemplates and includes in its language the dower estate. Upon the marriage relation this estate is based"; and, referring to section 2206, which is the same as our section 2871, he further said that "this provision relates to property owned absolutely by the husband and wife in their own right, and not to the interest one may have in the lands of the other": *Linton* v. *Crosby*, 54 Iowa, 478, 6 N. W. 726.

Prior to the enactment of section 2203, the supreme court of that state had held that under an agreement to separate, a husband and wife could relinquish to each other dower held by each in the property of the other (*Robertson* v. *Robertson*, 25 Iowa, 350; *McKee* v. *Reynolds*, 26 Iowa, 578); but after its enactment the court held in *Linton* v. *Crosby*, 54 Iowa, 478, 6 N. W. 726, that section 2203 was intended to change this rule, so that a contract between a husband and wife by which each relinquishes the right of dower in the lands of the other, is void under that section. In *House* v. *Fowle*, 20 Or. 167, 25 Pac. 376, where the

wife released by deed her dower to her husband, this construction was adopted and applied to section 2869, Hill's Code, the court holding that such conveyance was a nullity. STRAHAN, C. J., said: "This construction excludes estates or interests growing out of the marriage relation from the classes of property concerning which a husband and wife may contract with each other. They include dower and estates by curtesy. The reason of the distinction is obvious. These estates have their origin in public policy. They tend to strengthen the marriage relation, and to some extent they preserve to the survivor valuable property interests which may enable him or her to enjoy some of the fruits of their joint lives, and in a measure render them independent of the vicissitudes of fortune." As the husband is heir to his wife's estate under section 3098, Hill's Code, where she dies intestate and leaves no lineal descendants, his right to such estate grows out of the marriage relation, and, within the principle of construction applied to section 2869, Hill's Code, is excluded from the classes of property in respect to which a husband and wife may contract with each other. Conveyances between husband and wife, intended to cut off or relinquish estates growing out of the marriage relation, are void and convey no title.

Now, the facts do not show that the plaintiff or his wife made a conveyance in respect to any estate owned by the other which arises out of the marriage relation, or that either of them undertook by deed to release any land owned by the other from any estate growing out of the marriage relation. The plaintiff owned the land in question, in his own right, and conveyed it to his wife. It is true, as part of the consideration for the same, she had joined with the plaintiff in conveying to third parties other property owned by him. But, as the land in question was owned by him, he had a right, under section

2871, Hill's Code to convey it to his wife, and such conveyance, when made, is valid to the same extent as between other persons; that is to say, a conveyance between husband and wife, when it concerns property owned by one or the other in their own right, is valid to the same extent as a conveyance between persons that are not husband and wife, though the grantor and grantee may or may not be married persons. As "between other persons," a conveyance may be validly executed, whereby the grantor conveys to a married woman, an estate which excludes her husband from any participation or interest in the estate granted. This being so, the plaintiff had a right to convey the land in question to his wife as absolutely free from any right or interest of his own therein as land could be conveyed "between other persons." If he so intended, and so expressed it in his deed, he could relinquish his entire estate to his wife, so that neither himself nor any future husband should have any estate in the land by curtesy or otherwise. As to the intention of the plaintiff by his conveyance, we think it is so plainly expressed in the clause of the deed referred to as to place it beyond controversy. By its language he has clearly manifested his intention to exclude himself, as her husband, from any interest or participation in the estate granted. His covenant is that neither he, nor his heirs, executors, or administrators shall or will at any time make or claim any right, title, or interest in or to the premises conveyed. As there were no children of the marriage, in view of the facts, only collateral heirs could have been intended by the words "her heirs" in the deed when executed. In fact, the intention of the plaintiff, as manifested by the language of this deed, and the facts stipulated, afford little ground for controversy.

3. It was argued, however, that the deed was in the nature of a post-nupital agreement, and was executed in

contemplation of a separation resolved upon between the parties, and therefore was void as contravening the policy of the law. But the facts stipulated do not show any agreement, to which Rebecca Jenkins was a party, for separation. On the contrary, they show that the plaintiff had resolved to abandon and desert his wife, that she had joined with him in making deeds of other lands which he owned, and that, in view of this and other circumstances, he executed the deed conveying the land in question, whereby he intended to bar out all his interest, present or prospective, in the estate granted. There was no agreement for a separation. The plaintiff had determined to leave the state, and desert his wife. He owned the property, and in view of various circumstances made a deed to her of the land in question; and neither law nor equity ought to allow him, after her death, to set up any interest in the land. The judgment is reversed, and the cause remanded to the court below for such further proceedings as may be proper, not inconsistent with this opinion.

REVERSED.