EDWARD POOLE v. EMMA BURNHAM, Appellant.

**Husband and Wife: CONTRACTS BETWEEN:** *Distributive share.* Code, 1873, section 2203, providing that, when property is owned by either the husband or wife, the other has no interest therein which can be the subject of a contract between them, applies to both personal and real property, so that an agreement, by the husband, relinquishing all claim to the separate personal property of his wife, is of no effect to bar his obtaining his distributive share in the estate of his wife.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTH, Judge.

FRIDAY, MAY 20, 1898.

THE defendant, Emma M. Burnham, is the executrix of the last will and testament of Mary M. Poole,

deceased, who died, leaving plaintiff as surviving husband. Mary M. Poole died, leaving an estate of about eighteen thousand dollars, consisting entirely of personal property. She died, testate, leaving to her husband a bequest of one hundred dollars in lieu of all statutory provisions in his favor. The executrix tendered to plaintiff the amount given him by the terms of the will, which he declined, and institutes this proceeding, asking an order requiring the executrix to pay over to him one-third of the estate, as his distributive share under the law. In resistance, the executrix pleads a relinquishment in writing made during the life of Mary M. Poole, in words as follows: "Burlington, Iowa, July 3, 1893. In consideration of one dollar and divers other good and sufficient considerations, I do hereby agree with my wife, Mary M. Poole, that I will and do hereby relinquish all claim to any portion of her separate estate, and, in case she dies before I do, to make no claim to any property she may leave, except such provision as she may make for me in her last will and testament, and that I will take under such will, and will not in any manner contest the same, nor do anything to avoid the full operation thereof, as she in her best judgment may direct. [Signed] Edward Poole. Witnesses to signature: F. W. Brooks, John J. Fleming." This instrument was signed by Edward Poole. The district court adjudged plaintiff entitled to a distributive share of the estate, and ordered distribution accordingly. The defendant appealed.—*Affirmed.*

*Smyth & Lewald* and *Blake & Blake* for appellant.

*C. L. Poor* for appellee.

GRANGER, J.—I.   The case presents the single question whether husband and wife can contract as to the distributive share of the husband in the estate of the

wife. That the written relinquishment set out is such a contract, there is no room for dispute. The question turns upon the construction to be placed on section 2203 of the Code of 1873, as follows: "When property is owned by either the husband or wife, the other has no interest therein which can be the subject of contract between them, or such interest as will make the same liable for the contracts or liabilities of either the husband or wife, who is not the owner of the property, except as provided in this chapter." This section has received consideration at the hands of this court. That prior to the adoption of the statute in question, husband and wife could contract as to the dower right of the wife, is settled in *Blake v. Blake*, 7 Iowa, 46, and *Robertson v. Robertson*, 25 Iowa, 350. The section in question became the law in 1873, at the adoption of the Code. Prior to the Code of 1873, it was the law, as declared, that the husband might by will dispose of his personal property, regardless of the distributive share of his wife surviving him. *In re Davis' Estate*, 36 Iowa, 24. Such, however, was not the rule as to real property. By the adoption of the Code of 1873, the rule as to personal property was changed, so that the husband could not, by will, dispose of the distributive share of the widow as to either class of property. *Ward v. Wolf*, 56 Iowa, 465. After referring to these cases, appellant urges that the agreement or relinquishment, by Edward Poole, is not prohibited by section 2203 of the Code of 1873, because it was not intended to apply to personal property. In *Linton v. Crosby*, 54 Iowa, 478, it is said, speaking of the section: "This provision relates to the interest which a husband or wife holds in the lands owned by his or her spouse which arises under the marriage relations. It does not refer to a property interest that may be based upon contract, or may be derived from sources other than the marriage relation. The

section evidently contemplates and includes in its language the dower estate. Upon the marriage relation this estate is based." The language used was not intended as a limitation of the operation of the section to lands merely. The contract involved in that case was one in regard to lands, which is the reason for the expression being limited to that class of property. At the time that case was determined, the law, as to the right of husbands to bequeath personal property, to the prejudice of the wife's distributive share, was the same as it is now, and the language could not have been influenced by consideration of a different rule applicable to real and personal property. It will be seen that the language of the section is as applicable to one class of property as another. The language is: "When property is owned by either husband or wife, the other has no interest therein that can be made the subject of contract between them." The *Linton-Crosby Case* was followed *In re Lemon's Estate*, 58 Iowa, 760, which is also a case regarding real estate. It is thought that the distributive share is not a property interest, so as to come within the statute; and reference is made to *Martin v. Martin* 65 Iowa, 255. The case, so far as it has application, supports our view. It is with reference to alimony and the right of husband and wife to contract as to it, and the right is sustained, holding that section 2203 was not applicable; but it is said: "If, by virtue of her right to alimony, she has a right or property interest in his estate, it is clear she cannot devest herself of that right or interest by contract with him." It is then said that the right of alimony does not create an interest in the husband's property. That a dower interest does, see *Buzick v. Buzick*, 44 Iowa, 259.

II. It is thought that the section only applies when the subject of the contract is some present existing interest in the property of either husband or wife.

Such a construction would not meet the evident pur-
pose of the law. The test is, is the property the subject
of the contract, and owned by the husband or wife?
It makes no difference when the contract was made.
The rule is that property of the character stated in the
law cannot become the subject of the contract. Prop-
erty obtained after the contract is made can as well
become the subject of it as if then in existence, if the
parties so intend. As to property of the character we
are considering, as soon as it is owned by husband or
wife, the law forbids that it shall become the subject of
such a contract, regardless of when the contract was
made. Property becomes subject to a contract when
the contract affects or controls it as the parties
intended. The judgment of the district court is
AFFIRMED.