FRED T. SHARFF, Appellant, v. JANE HAYES.

Fraudulent conveyances: TRANSACTIONS BETWEEN HUSBAND AND WIFE. The creditors of a husband may reach land purchased by the wife with funds exacted of him, while insolvent, as a condition for signing instruments conveying property which he owned.

*Appeal from Buchanan District Court.*— HON. A. S. BLAIR, Judge.

SATURDAY, DECEMBER 15, 1906.

SUIT by a trustee in bankruptcy to subject certain lots to the payment of claims established against the estate. The petition was dismissed, and plaintiff appeals.— *Reversed.*

*Chas. E. Ransier,* for appellant.

*E. E. Hasner,* for appellee.

LADD, J.— J. M. Hayes was the owner of one hundred and twenty acres of land. As a condition to signing the contract of sale and deed thereof to a purchaser, his wife, Jane Hayes, exacted the payment to her of one-third of the price received. With part of this she purchased the east forty-four feet of lots 11 and 12 in Aurora, used as a livery barn. Though other property is mentioned in the petition no claim thereto is made in argument, and it is not essential to an understanding of the case that other transactions be recited. The evidence does not bear out the suggestion of appellee that the farm was occupied as a homestead, and, even though it supported an estoppel, which it does not, this was not pleaded. The evidence though not direct was such as to warrant a finding that Hayes was insolvent at the time of the several transactions referred to. The sole question raised by the record is whether the wife of an insolvent husband may acquire and retain, as against his creditors, a part of his property in consideration of joining him in the conveyance of his real estate. But for such transfer, her interest might be divested by judicial sale. Section 3366, Code. The marital interest of one spouse in the property of the other, however, cannot be the subject of contract between them. While either may own property in his own right section 3154 of the Code expressly provides that, " when property is owned by the husband or wife, the other has no interest therein which can be the subject of contract between

them." In *Miller v. Miller,* 104 Iowa, 186, a note given by
the husband to the wife for relinquishment of dower was held
to be void, and in *Garner v. Fry,* 104 Iowa, 515, payment
of money to the wife therefor was thought to be without
consideration, though rightly treated as a gift as against
subsequent creditors. In *Pool v. Burnham,* 105 Iowa, 620,
an agreement as to the interest of the husband in the wife's
property, real or personal, upon her decease was declared
invalid. In *Sawyer v. Biggart,* 114 Iowa, 489, a power of
attorney authorizing the husband, as attorney in fact, to
relinquish her dower interest in his property was adjudged
void. See *Linton v. Crosby,* 54 Iowa, 478; *Newberry v.
Newberry,* 114 Iowa, 704. In *Caruth v. Caruth,* 128
Iowa, 122, the statute was construed as one of descent
and distribution, and a separation contract depriving the
wife of any right in the estate of the husband ignored in
the distribution of the property of the deceased husband.
It was there conceded that, but for this statute, the rule
would be otherwise. Numerous decisions cited by appellee
so indicate. The right, though inchoate, is valuable, as con-
tended. But she cannot convey it as a separate and inde-
pendent interest to a third party or to her husband, *Mc-
Kee v. Reynolds,* 26 Iowa, 578, and *Linton v. Crosby,* 54
Iowa, 478, and, under the statute quoted, may not enter
into any agreement whatever with her husband concerning
it. As neither husband nor wife can be bound by such a
contract, it is manifest that the payment of any money or
the execution of a note or conveyance, in carrying out its
terms, is utterly without consideration, and, even though re-
garded as in the nature of a gift, as was held in Garner
v. Fry, *supra,* would not be valid as against the existing
creditors of an insolvent spouse. Whether Mrs. Hayes was
to receive the lots as she first testified, or one-third of the
proceeds of the farm, as appears the more probable, for sign-
ing the deed is immaterial for the lots were in fact purchased
from the third of such proceeds, set apart to her, and, in

either event, should have been subjected to the satisfaction of the claims against the bankrupt's estate as prayed.— *Reversed.*