[Filed December 8, 1890.]

## TEMPERANCE HOUSE v. HANFORD FOWLE.

DOWER CANNOT BE RELEASED TO HUSBAND.— Section 2869, Hill's Code, which provides that when property is owned by either husband or wife, the other has no interest therein which can be made the subject of contract between them, includes the wife's dower in the husband's lands and the husband's estate by curtesy in the wife's lands, and therefore a conveyance or release to the husband by the wife of her inchoate right of dower in his lands is a nullity.

Polk county: R. P. BOISE, Judge.

Plaintiff appeals. Affirmed.

The object of this action is to recover dower. There is a stipulation in the record as to the facts from which it

appears: (1) The lands in controversy in this action were owned by R. M. Montgomery in his life-time; (2) that Temperance House, the plaintiff, was the widow of said Montgomery; (3) in 1880 the plaintiff, then Temperance Montgomery, gave a quit-claim deed for the consideration of $300 to her then husband, R. M. Montgomery, conveying all of her right, estate and dower in the lands in dispute; (4) that in 1884 said Montgomery died and one Shedd was appointed administrator of his estate, who in due course of administration sold the real property described in the complaint to pay claims against said estate, and that at such sale the defendant became the purchaser thereof at the price and sum of $3,400 and received the deed of the administrator therefor. The deed referred to is as follows:

"This indenture witnesseth: That I, Temperance Montgomery, for and in consideration of the sum of three hundred dollars, to me in hand paid, the receipt whereof is hereby acknowledged, have bargained, sold and quit-claimed, and by these presents, do bargain, sell and quit-claim, unto R. M. Montgomery, my husband, all my right, interest and dower in and to the following-described premises, to wit: The south half of the donation land claim of John M. Zumwalt and wife, being notification No. 5076, claim No. 49, in T. 9 S., R. 6 west, Willamette meridian, in the county of Polk, state of Oregon; to have and to hold the said premises with their appurtenances unto the said R. M. Montgomery, his heirs and assigns, forever.

" In witness whereof, I have hereunto set my hand and seal the 24th day of March, A. D. 1880.

                    " TEMPERANCE HOUSE.    [SEAL.]
" Done in the presence of:
    " J. L. JOHNSON,
    " M. M. ELLIS."

This deed was acknowledged in the usual form and recorded in Polk county, the 24th of March, 1880. A jury trial was waived, and the court, after hearing the evidence in the cause, found in favor of the plaintiff on all the issues

and rendered a judgment in her favor for an equal undivided one-third of said real property for and during her natural life, from which the defendant has appealed to this court.

F. A. Chenoweth, for Appellant.

J. J. Daly, for Respondent.

STRAHAN, C. J.—A single question has been presented on this appeal, and to that only will our attention be directed. It was conceded upon the argument that the judgment appealed from is right and must be affirmed unless the plaintiff is barred of her dower by her deed to her husband, R. M. Montgomery.

Hill's Code, § 2954, provides: "The widow of every deceased person shall be entitled to dower, or the use during her natural life of the one-third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, unless she is lawfully barred thereof." Section 2966 provides that a married woman may bar her right of dower in any estate conveyed by her husband or by his guardian, if he be a minor, by joining in the deed of conveyance and acknowledging the same as prescribed in the Code, or by joining with her husband in a subsequent deed acknowledged in like manner. Section 2967 provides that a widow's dower may also be barred by a jointure settled on her with her assent before the marriage, but such jointure must consist of a freehold estate in lands for the life of the wife at least, to take effect in possession or profit immediately on the death of her husband. Section 2969 provides that a pecuniary provision, made for an intended wife and in lieu of dower, shall, if assented to in the manner provided in the statute, bar her dower in all the lands of her husband. Section 2970 provides for an election in case of jointure or pecuniary provision after the death of the husband, where the same had not been assented to, and section 2971 for an election in case lands are devised to her by the husband's will, unless it plainly appears that the testator intended she should have both. These are the only provisions in the statute of this state prescribing the manner

in which a woman may be barred of dower in the husband's lands, and they clearly do not include the bar relied upon by the defendant. The effect of other statutes upon the transaction between Montgomery and wife remains to be noticed. Section 2992 provides that "the property and pecuniary rights of every married woman at the time of her marriage, or afterwards acquired by gift, devise, or inheritance, shall not be subject to the debts or contracts of her husband, and she may manage, sell, convey, or devise the same by will to the same extent and in the same manner that her husband can property belonging to him." This section does not in any way relate to a wife's dower in her husband's property, but it does enable her to manage, sell, convey, or devise the property therein specified to the same extent and manner and as completely as the husband can property belonging to him, and it renders inapplicable much of the learning of the common law in relation to the disabilities of a married woman. Section 2993 places all property acquired by a married woman during coverture by her own labor under the same protection as property owned by her at the time of her marriage, or afterwards acquired by gift, devise, or inheritance. Section 2997 provides that "contracts may be made by a wife and liabilities incurred and the same enforced by or against her to the same extent and in the same manner as if she were unmarried." Section 2870 provides "Should either the husband or wife obtain possession or control of property belonging to the other, either before or after marriage, the owner of the property may maintain an action therefor, or for any right growing out of the same in the same manner and extent as if they were unmarried." Section 2869 provides that " when property is owned by either husband or wife, the other has no interest therein which can be the subject of contract between them, or such interest as will make the same liable for the contracts or liabilities of either the husband or wife, who is not the owner of the property except as provided in the act"; and section 2871 provides that " a conveyance, transfer or lien, executed by

either husband or wife, to or in favor of the other, shall be valid to the same extent as between other persons." Section 2983 makes the husband on the wife's death tenant for life by curtesy in all the lands in which the husband and wife are seized in her right of any estate of inheritance. Unless authorized by statute, a married woman cannot bar her right of dower by any release made to the husband during the coverture. (*Rowe* v. *Hamilton*, 3 Greenl. R. 63; *Martin's Heirs* v. *Martin*, 22 Ala. 86; 2 Scribner on Dower, 290; *Carson* v. *Murray*, 3 Paige Ch. 483.) But it is unnecessary to pursue this line of authorities, for the reason that the proper construction of our own statute is decisive of this question. Our act of 1878, from which the main provisions above recited were copied into the Code, was taken literally from the Iowa Code. Prior to this enactment in that state the supreme court had held that under an agreement to separate, a husband and wife could relinquish to each other dower held by each in the property of the other. (*Robertson* v. *Robertson*, 25 Iowa, 350; *McKee* v. *Reynolds*, 26 Iowa, 578.) After the enactment of section 2203 of the Code of Iowa, which is almost identical with section 2869, *supra*, it was held that it changed the rule theretofore announced. In construing it, the court said: "This provision relates to the interest which a husband or wife holds in the lands owned by his or her spouse which arises under the marriage relation. It does not refer to a property interest that may be based upon contract, or may be derived from sources other than the marriage relation. This section evidently contemplates and includes in its language the dower estate. Upon the marriage relation this estate is based." And further on in the same opinion, that court said that the exception referred to other provisions of the Code, which were cited, and that it could not be construed as applicable to contracts relating to dower. (*Linton* v. *Crosby*, 54 Iowa, 478.) This construction excludes estates or interests growing out of the marriage relation from the classes of property concerning which a husband and wife may contract with each

other. They include dower and estates by curtesy. The reason of the distinction is obvious enough. These estates have their origin in public policy. They tend to strengthen the marriage relation, and to some extent they preserve to the survivor valuable property interests which may enable him or her to enjoy some of the fruits of their joint lives and in a measure render them independent of the vicissitudes of fortune.

The judgment appealed from must therefore be affirmed.