Decided 8 June, 1903.

## POTTER  v.  POTTER.

[72 Pac. 702.]

CONTRACT BETWEEN HUSBAND AND WIFE— DOWER AND CURTESY.

1. A contract between a husband and his wife providing for the mutual execution of papers so that certain land owned in fee by him should become "exclusively" his, and land owned in fee by her should become "exclusively" hers, is one in relation to dower and curtesy, and is void under B. & C. Comp. § 5234, providing that, when property is owned by either husband or wife, the other has no interest therein which can be the subject of contract between them.

ENTIRE OR SEVERABLE CONTRACT*— SPECIFIC PERFORMANCE.

2. A contract between a husband and his wife by which, on payment to him by her of a stated sum of money, they were to divide their respective lands so that neither should thereafter have any interest or right in any land of the other is entire and indivisible. Such a contract cannot be enforced in any particular, since it is indivisible, and is void as to the interests to be transferred.

From Wasco: W. L. BRADSHAW, Judge.

Suit by Eleanor Potter against M. P. Potter for the specific performance of a contract to execute certain conveyances. Decree for plaintiff, from which defendant appeals.
                                                    REVERSED.

For appellant there was a brief and an oral argument by *Mr. Gilbert W. Phelps* and *Mr. W. H. Wilson.*

*NOTE.— See the following Oregon cases on this subject:

*Entire Contracts: Banks* v. *Crow,* 3 Or. 477; *Scheland* v. *Erpelding,* 6 Or. 258; *Sun Pub. Co.* v. *Minnesota Type Foundry Co.* 22 Or. 49; *Wehrung* v. *Denham,* 42 Or. 386; *Horseman* v. *Horseman,* 43 Or. 83.

*Severable Contracts: Southwell* v. *Beezley,* 5 Or. 458; *Tenny* v. *Mulvany,* 8 Or. 129; *Bartel* v. *Mathias,* 19 Or. 482; *Russel* v. *Lilienthal,* 36 Or. 105; *Oliver* v. *Oregon Sugar Co.* 42 Or. 276.

See also, these cases, which are annotated, *Kratz* v. *Bedford,* 1 L. R. A. 826; *Huyett & Smith Co.* v. *Chicago Edison Co.* 59 Am. St. Rep. 272, 277-295.    REPORTER.

For respondent there was a brief over the name of *Williams, Wood & Linthicum,* with an oral argument by *Mr. Geo. H. Williams.*

MR. JUSTICE BEAN delivered the opinion of the court.

This is a suit to enforce the specific performance of the following agreement:

" For and in consideration of one dollar to me paid, and for the purpose of effecting an immediate sale and settlement, I, M. B. Potter, do hereby agree that on the payment to me of five thousand dollars ($5,000.00) in cash, on or before the 14th day of September, 1901, to transfer by usual warranty deed my unencumbered interest in what is known as the Potter Place at Belmont in Hood River, Wasco, Co., Oregon, containing one hundred and forty-five (145) acres, with buildings, etc., to whomsoever my wife Eleanor Potter may designate;

Provided, that a certain 40 acres on the other side of Hood River shall become exclusively mine; and

Provided, that a certain 5 acres known as the 'Garden' shall become exclusively Mrs. Potter's; and such necessary papers as will accomplish this are to be mutually signed by us at the same time that the above-mentioned transfer of the Potter Place is effected; and

Provided, that this transaction is exclusive of the personal property in and upon the said Potter Place.

Dated at Hood River this fourth day of September, A. D. 1901.                    M. B. POTTER."

The plaintiff and defendant are husband and wife. At the time of making the contract, there was, and for some time prior thereto had been, irreconcilable differences between them. The contract was made for the purpose of dividing their property, and settling and adjusting their respective rights therein, with a view, as we understand it, of a final separation. The defendant owned in fee the 145-acre tract designated as the " Potter Place," and the "certain 40 acres on the other side of Hood River." The plaintiff owned in fee the five acres known as the "Garden."

1. Several defenses are made to this suit, but it is unnecessary to consider any of them, except that the contract is void because it is an agreement between a husband and wife for the relinquishment by the wife of her dower interest in her husband's real property, and the relinquishment by him of his curtesy in hers. The statute provides that "when property is owned by either husband or wife, the other has no interest therein which can be the subject of contract between them": B. & C. Comp. § 5234. This provision refers to the interest one spouse has in the land of the other, growing out of the marriage relation, and by reason of it neither can make a valid contract releasing or agreeing to release to the other such inchoate estate. It was so held in *House* v. *Fowle*, 20 Or. 163 (25 Pac. 376), and *Jenkins* v. *Hall*, 26 Or. 79 (37 Pac. 62). In the former the wife conveyed to her husband by deed, for a valuable consideration, her dower in his property, and in the latter the husband released his curtesy to his wife. In both cases it was held that the conveyances were void. In *House* v. *Fowle*, Mr. Chief Justice STRAHAN, speaking for the court, said : "This construction (of the statute) excludes estates or interests growing out of the marriage relation from the classes of property concerning which a husband and wife may contract with each other. They include dower and estates by curtesy. The reason of the distinction is obvious enough. These estates have their origin in public policy. They tend to strengthen the marriage relation, and to some extent they preserve to the survivor valuable property interests, which may enable him or her to enjoy some of the fruits of their joint lives, and in a measure render them independent of the vicissitudes of fortune." The provisions of our statute are identical with those of Iowa on the same subject. Prior to the enactment of the Iowa statute, the courts of that state held that a husband and wife could, under an agreement of separation, relin-

quish dower or curtesy interests in property belonging to each other: *Robertson* v. *Robertson*, 25 Iowa, 350 ; *McKee* v. *Reynolds*, 26 Iowa, 578. But the statute was passed to change the rule, and after its enactment it was held that such an agreement was void: *Linton* v. *Crosby*, 54 Iowa, 478 (6 N. W. 726). It is clear, therefore, that the provision in the contract now under consideration, agreeing that the 40-acre tract should become "exclusively" the property of the defendant, and the 5-acre tract "exclusively" the property of the plaintiff, is null and void, if it relates to the relinquishment of dower or curtesy. That the contract undertakes to deal with the plaintiff's right of dower in the defendant's property, and with his right of curtesy in hers, is, we think, apparent. Both knew that the 40-acre tract belonged to the defendant, and that the 5-acre tract was owned by the plaintiff, and that such ownership was not exclusive. They understood that each had an interest in the other's property, and manifestly it was this interest that was intended to be disposed of under the contract. In no other way could its provisions in this regard be carried out, and the 40 acres become "exclusively" the defendant's property, or the 5 acres the plaintiff's. It is true that curtesy or dower is not mentioned, but such was the only interest that either had in the property of the other, and by no other way than the extinguishment of this inchoate interest could the title become exclusive. There was no other subject-matter to which the contract could relate, and it must necessarily, therefore, have been intended to provide for the release of curtesy and dower. It certainly was not intended that the title of the 40-acre tract or the 5-acre tract should remain in its then condition, but it was evidently designed that one should become the exclusive property of the defendant, and the other of the plaintiff, and it was agreed that the respective parties would execute such papers as were necessary to accom-

plish that purpose. The papers to be thereafter prepared
and executed were undoubtedly meant to be such as would
operate to extinguish the defendant's right of curtesy and
the plaintiff's right of dower. The law, however, inhibits
husband and wife from contracting with each other in ref-
erence to dower or curtesy. That part of the contract is
therefore void, and renders the whole instrument incapa-
ble of specific performance, unless its other provisions can
be regarded as severable.

2. It is a doctrine well grounded in law that a contract
good in part, and the residue void, when such residue is
founded in illegality not *malum in se*, may be specifically
enforced as to the valid part in cases where the different
covenants and provisions are severable and independent
of each other : *Southwell* v. *Beezley*, 5 Or. 458; *United States*
v. *Bradley*, 35 U. S. (10 Pet.) *343 ; *Gelpcke* v. *City of Du-
buque*, 66 U. S. (1 Wall.) 221. But where the legal and
illegal provisions are not severable the entire contract must
fail: *Horseman* v. *Horseman*, 43 Or. 83 (72 Pac. 698). A
court of equity will not enforce the specific performance
of a contract unless it can execute the whole contract. It
will not compel a part performance : Fry, Spec. Perform.
pp. 329, 334. In some instances a contract consisting of
several provisions may be enforced as to one, and not the
others ; but in such case each provision is regarded and
held as a separate and distinct contract, although embraced
in one agreement. But if it appear or can be shown from
the nature of the contract, or the subject-matter thereof,
or the conduct of the parties, that one provision was de-
pendent on another, it must be regarded as one entire
contract, and enforced as a whole or not at all. A contract
is divisible when it contains several separate and distinct
items or parts in respect to matters or things not neces-
sarily dependent upon each other, nor intended by the
parties to be so. But when by the terms of the contract,

or its nature and purpose, it is contemplated and intended
that each and all of the parts and provisions shall be de-
pendent upon each other, and not separate and distinct,
the contract must be regarded as entire and indivisible :
*Tenny* v. *Mulvaney,* 8 Or. 129 ; *Oliver* v. *Oregon Sugar Co.*
42 Or. 276 (70 Pac. 902); *Wooten* v. *Walters,* 110 N. C. 251
(14 S. E. 734, 736); 15 Am. & Eng. Ency. Law (2 ed.), 988.
As a general rule, if the consideration is single and entire,
and common to all parts of the contract, the contract will
be regarded as entire, although the subject thereof may
consist of several distinct and independent items : 2 Par-
sons, Cont. (7 ed.) 520 ; *Miner* v. *Bradley,* 22 Pick. 457.
Accepting these familar and everywhere recognized rules
of construction, the contract now under consideration is,
we think, entire, and not divisible.  From its face it ap-
pears that the consideration for the agreement of the
defendant to convey the Potter place to whomsoever plain-
tiff might designate was not only the payment of the
$5,000, but the relinquishment also by the plaintiff of her
dower interest in the 40-acre tract, so that it should be-
come exclusively his property.  The parol evidence shows
that one of the conditions upon which he was willing to
enter into the written contract was that the 40-acre tract
should become his, and before he would agree to sign the
writing he insisted that such a stipulation should become
a part thereof.  How much he may have been influenced
in making the agreement by the consideration of obtaining
title to the 40-acre tract is not apparent, nor is it material.
It is sufficient that it was one of the inducing causes and
a material part of the consideration for his promise to
convey the other property for the plaintiff's benefit.  The
contract does not apportion the part to be performed, or
the price to be paid for the separate and distinct items
thereof, but it is one entire agreement, and the perform-
ance of each provision is contingent upon the performance

of all. The court cannot make a contract for the parties, nor attempt to apportion the consideration to its several provisions. We are of the opinion, therefore, that the contract is entire; and, since a material part of it is illegal and void, the whole must fail. The decree of the court below will be reversed, and the complaint dismissed.

REVERSED.