Decided 3 July, 1905.

**McCRARY *r.* BIGGERS.**

81 Pac. 356.

</div>

CONTRACT BETWEEN MARRIED PERSONS AS TO MARITAL RIGHTS.

1. A contract between a wife and her husband for the relinquishment by him of his curtesy estate in her property, conferred by Sections 5544 and 5547, is entirely void both at law and in equity, as against the public policy of the State of Oregon.

ESTOPPEL TO CLAIM RIGHT OF CURTESY.

2. The fact that a husband agreed with his wife not to claim curtesy in her lands, in consequence of which she did not deed them to certain persons but devised them in her will, does not estop him from claiming the curtesy, even though he allowed such persons to take possession of the land, for the contract is wholly void and no one has changed any position in reliance on it.

From Union: ROBERT EAKIN, Judge.

This is a suit in equity for the specific performance of a waiver of all claim to curtesy in certain real property, commenced by Hattie McCrary and her husband as an answer to an action of ejectment commenced against them by G. W. Biggers. Other facts appear in the opinion. There was a decree for defendant on the pleadings, from which this appeal is prosecuted.

<div align="right">AFFIRMED.</div>

For appellants there was a brief and an oral argument by *Mr. Charles H. Finn,* to this effect.

I. A bill in equity to enjoin the husband from claiming curtesy or making any claim by petition or otherwise to the real or personal property or estate of his deceased wife will lie where

he has expressly or impliedly consented to waive his claim to her estate before death: Page, Wills, § 137; *Cook* v. *Adams,* 169 Mass. 186; *Allen* v. *Brown,* 82 Wis. 364; *Gullette* v. *Farley,* 161 Ill. 566; *McBreen* v. *McBreen,* 154 Mo. 323, 327 (55 S. W. 463); *Heisen* v. *Heisen,* 145 Ill. 658 (34 N. E. 597); *Tiddy* v. *Graves,* 126 N. C. 620 (36 S. E. 127), and 127 N. C. 502 (37 S. E. 513).

II. Where a married woman acting under the power given by the statute executes a will with the husband's assent, disposing of all her estate to which curtesy would attach, the husband is barred of his curtesy: 11 Cyc. 1016; *Salton* v. *Salton,* 93 Mo. 307 (2 S. W. 95); *Garner* v. *Willis,* 92 Ky. 386 (17 S. W. 1023); *Hutchins* v. *Commercial Bank,* 91 Va. 628 (20 S. E. 950); *Chapman* v. *Price,* 83 Va. 892 (13 S. E. 879); *Silsby* v. *Bullock,* 92 Mass. (10 Allen) 94; *In re McBride,* 81 Pa. 303; *Tiddy* v. *Graves,* 126 N. C. 620 (36 S. E. 127), and 127 N. C. 502 (37 S. E. 513).

III. Special performance of a parol contract (even to will property) will be enforced by a court of equity when one party has wholly performed and the other party fails to perform it, and its nonfulfilment on the one hand would be fraud on the party fully performing: Pomeroy, Spec. Perf. 268; Hermann, Estoppel, §§ 725, 943; Page, Wills, § 92; *Kofka* v. *Rosicky,* 41 Neb. 328 (59 N. W. 788); *Carmichael* v. *Carmichael,* 72 Mich. 76 (16 Am. St. Rep. 328, 40 N. W. 173, 1 L. R. A. 596); *Canal Co.* v. *Hathaway,* 9 Wend. 463; *Storr* v. *Baker,* 6 Johns. Ch. 166 (10 Am. Dec. 316); *Rice* v. *Bunts,* 49 Mo. 516; *Evans* v. *Snyder,* 64 Mo. 516; *Trapuall* v. *Burton,* 24 Ark. 371; *Anderson* v. *Armisted,* 84 Ill. 452; *Dickson* v. *Dickson,* 24 Miss. 612; *Banks* v. *Roup,* 48 N. Y. 292; *Cody* v. *Owens,* 34 Vt. 598.

IV. Rights can be lost or forfeited by such conduct as would make it fraudulent and against conscience to assert them. Therefore, if one acts in such manner as intentionally to make another believe that he has not certain rights, or abandons them, and the other, trusting to that belief, does an act which he would not have done, the fraudulent party will be estopped from asserting his rights: Hermann, Estoppel, § 944; *Sherill* v. *Sherill,* 73 N. C. 8; *Young* v. *Vaugh,* 23 N. J. Eq. 325; *Mayor* v. *Hume-*

*sey,* 46 Tex. 371; *Blakeslee* v. *Starring,* 34 Wis. 538; *Shields* v. *Smith,* 37 Ark. 47; *Union Ins. Co.* v. *Mowry,* 96 U. S. 544.

For respondent there was an oral argument by *Mr. Thomas Harrison Crawford,* with a brief over the name of *Crawford & Crawford,* to this effect.

1. A married woman has no power or authority to bar her husband's right to become tenant by the curtesy in real property owned by her in her own right even by deed. This can only be done by the husband joining with the wife in a conveyance: *Besser* v. *Joice,* 9 Or. 310.

A husband and wife can enter into no contract or agreement with each other that will bar the husband's right of curtesy in the wife's real property, or that will clothe her with power or authority to dispose of her property by will freed from the husband's rights as tenant by the curtesy: B. & C. Comp. § 5234; *House* v. *Fowle,* 20 Or. 163 (25 Pac. 376) ; same case, 22 Or. 303 (29 Pac. 891) ; *Jenkins* v. *Hall,* 26 Or. 79, 85 (37 Pac. 62) ; *Linton* v. *Crosby,* 54 Iowa, 478.

2. It appears from appellant's amended bill in this case that Mary Biggers in her will made no provision for her husband in any manner, so that respondent was not called upon to elect whether he would take under the will or as tenant by the curtesy in his wife's separate real property: *Allen* v. *Boomer,* 82 Wis. 364 (52 N. W. 426).

Mr. JUSTICE BEAN delivered the opinion of the court.

On September 12, 1904, the defendant commenced an action at law against the plaintiffs to recover possession of certain real property in the City of La Grande, alleging that he was the owner of a life estate therein, and entitled to its immediate possession. The plaintiffs answered at law, and at the same time filed a complaint in equity in the nature of a cross-bill, in which they alleged facts which they insist make them the owners in equity of the defendants' interest in the property, and estop him from asserting any claim thereto. A demurrer to the cross-bill was sustained, and, plaintiffs refusing further to plead, it was dismissed, and they appeal.

The facts as disclosed by the cross-bill are, briefly, that Mary Biggers, the wife of the defendant, died on June 30, 1903, seised and possessed of the property in dispute, leaving a will by which she devised the same to the plaintiff Hattie McCrary, and appointed the defendant as the executor thereof; that thereafter the will was regularly admitted to probate, and the plaintiffs, by the consent of the defendant, entered into possession of the property; that defendant, it is alleged, ought not to be permitted to claim or set up any interest in or right to the property, for, at the time the will was executed, the testator was suffering from a serious malady requiring a surgical operation; that she was informed by her physicians of the character of her disease, and of the probability of a fatal result of the operation; that she was desirous in case of her death that her property should go to her parents and her brother and sister, the plaintiff Hattie McCrary; that with the consent of her husband, the defendant, she could and would have transferred her property to her relatives by conveyances or other proper means, but was advised and induced by the defendant to believe that she could accomplish the same purpose by a last will and testament; that defendant represented to her that he was possessed of ample means in his own right, and did not need or desire any part of her property or the use thereof, and should not be considered at all in her will; that he advised and counseled her to omit from her will any provision for him in lieu of curtesy or otherwise, and represented to her that he would respect and carry into effect and operation any provisions of her will for the disposition of her property that she might make; that, relying upon such statements and representations and agreement of her husband, she made and executed her will, whereby she devised the real property in question to her sister; that after her death the defendant had the will probated, and was duly appointed executor thereof; that as such executor he put the plaintiffs in possession of the property, and thereby recognized their right to such possession.

From these facts it appears that Mrs. Biggers and the defendant her husband were seised in her right at the time of her death of an estate of inheritance in the land in dispute, and

therefore the defendant is entitled to the possession of such land during his life as tenant by the curtesy, notwithstanding her will (B. & C. Comp, §§ 5544, 5547), unless he has become, in some manner known to the law, barred thereof. It is not alleged or contended that he ever executed any conveyance or instrument jointly with his wife or otherwise, which has such an effect. As we understand the plaintiff's position, it is that the defendant and his wife entered into an oral contract or agreement at the time the will was executed by which he agreed to relinquish or surrender his curtesy interest in her property, and that she made her will relying thereon. The gist of this contention is that by such contract or agreement the defendant clothed his wife with power and authority to dispose of her property free from his curtesy interest. Now, it has been held by this court that, when a husband or wife owns property in his or her own right, any inchoate right the other may have therein, such as tenant by the curtesy or by dower, cannot be the subject of a valid contract between them. It was so held in *House* v. *Fowle,* 20 Or. 163 (25 Pac. 376), and again in *Potter* v. *Potter,* 43 Or. 149 (72 Pac. 702). The contract, therefore, between the defendant and his wife for the relinquishment by him of his curtesy estate or interest in her property was void, and, of course, cannot be specifically enforced.

2. Nor, under the facts as stated, is he estopped from asserting such interest. His wife did not change her position in any way to her injury by reason of his representations or agreement. She could not have barred his curtesy by any means in her power, and therefore any statements or representations he may have made to her and any instruments she may have made in reliance thereon, could not estop him from asserting his legal rights. And the fact that he permitted the plaintiffs to go into possession of the property is of no consequence. The court will not enforce specific performance of a contract for the transfer of real property on the ground that one of the contracting parties has taken possession thereof, when, as in this case, the contract is itself void and incapable of being enforced. The contract between the defendant and his wife for the relinquishment of his curtesy interest in her property was, as we have seen, void

as against public policy, and could not become valid by the plaintiffs' taking possession of the property. Nor does the fact that the will was admitted to probate on petition of the defendant, and his appointment as executor, operate as an estoppel against him. He does not claim to hold under the will, but independently of it, and the will could and did not devise his interest in the property as tenant by the curtesy.

It follows from these views that the decree of the court below must be affirmed, and it is so ordered.          AFFIRMED.