SAM MANATT, Appellant, v. C. O. GRIFFITH, ET EL.

**Conveyances by husband and wife to each other:** DOWER: ESTOPPEL.
1  Where the husband and wife join in the execution of deeds to their property, one to the other, for the purpose of making a division thereof, leaving the name of the grantee blank, but with authority to each to fill in the name of a purchaser and to deliver the same, with the full purpose and intent on the part of both to enable them to dispose of their respective land free from any dower right of the other therein, and without any subsequent action by way of joinder in conveyances thereof, and this mutual understanding had been acted upon and carried out by both parties by completion and delivery of the deeds to purchasers, they are each estopped from thereafter asserting any dower interest in the land conveyed by the other.

**Same:** STATUTE.  The statute which denies to the husband or wife
2  the power to contract with the other in regard to the dower interest which each has in the others property, does not prevent an estoppel from arising out of the subsequent acts of the parties in carrying out and completing an agreement for a relinquishment by each of a dower interest in the property of the other.

**Same:** WHO MAY PLEAD ESTOPPEL.  The completion of a deed executed
3  as above recited by filling in the name of a grantee designated as trustee and delivery of the instrument, the trustee at the same time executing an agreement contemplating a distribution of the property without the necessity of procuring a relinquishment of any contingent interest of the other spouse, and contemplating no compensation to the trustee in carrying out the trust, but obli-

gating him to do so, is supported by a sufficient consideration to authorize the trustee to assert an estoppel of any claim to dower in the property by the other spouse.

*Appeal from Washington District Court.*—Hon. W. G. CLEMENTS, Judge.

TUESDAY, FEBRUARY 15, 1910.

ACTION to quiet plaintiff's title to a one-third undivided interest in certain real property conveyed by his wife, Mary J. Manatt, during her lifetime to defendant Griffith, as trustee for other defendants. The defendants joined in an answer, putting in issue plaintiff's alleged right, title and interest in the property described, and the defendant Griffith, as trustee, in a cross-petition asked that the title to said real property be quieted in him as against any claim of plaintiff. The court denied relief to plaintiff, and sustained the crossbill of defendant Griffith, as trustee. Plaintiff appeals. *Affirmed.*

*Wade, Dutcher & Davis* and *W. H. Butterfield,* for appellant.

*Eicher & Livingston* and *M. W. Bailey,* for appellee.

McCLAIN, J.—In 1905 this plaintiff and his wife, who had for some years been living apart, entered into an arrangement for a division of property between them, in pursuance of which a joint deed, blank as to consideration and grantee, describing the land to which this controversy relates, was put into the possession of the wife, and similar joint deeds, also blank as to consideration and grantee, describing other parcels of real property, were put into the possession of the plaintiff, the intention of the plaintiff and his wife being to thus enable each party to transfer

the parcels of land described in the respective deeds free from any dower interest of the other. Thereafter the wife, desiring to create a trust for the distribution after her death of the property of which she might die seised, including the land to which this controversy relates, executed a trust contract with. defendant Griffith, her son-in-law, in which he undertook to make disposition of her property in accordance with the provisions of such contract, and in connection with the creation of this trust she caused the name of said Griffith, as trustee, to be inserted . as grantee in the blank deed to the premises in controversy, which had been left in her possession, and also caused the blank in said deed as to consideration to be filled by a recital relating to the trust arrangement. With the blanks thus filled the wife delivered this deed to said Griffith, and it was by him put on record in connection with the recording of the trust contract. The wife died in 1907. Prior to the death . of the wife this plaintiff caused the blanks in the deeds which had been delivered into his possession to be filled with the names of various grantees, and the blanks as to consideration to be filled with various amounts of money consideration, and delivered them to said grantees.

In support of plaintiff's claim that the conveyance, signed by plaintiff and his wife, under which defendant Griffith, as trustee, claims absolute title to the tract of land described therein, was not effectual as a relinquishment of plaintiff's dower right in said property, treating it as the property of the wife conveyed by her to Griffith during lifetime, counsel contend that under the provisions of Code, section 3154, any conveyance, contract or power of attorney by which husband or wife attempts to authorize the other to release or extinguish the dower interest of the former in the property conveyed by the latter is invalid, and they rely upon the cases of *Miller v. Miller,* 104 Iowa, 186, and *Sawyer v. Biggart,* 114 Iowa, 489, and other cases

1. CONVEYANCES BY HUSBAND AND WIFE TO EACH OTHER: dower: estoppel.

holding that an express power of attorney from wife to husband, or husband to wife, as the case may be, does not confer authority to execute an instrument of conveyance extinguishing the dower right of the other. This question, as well as the question of fact whether the land in controversy, which had been the homestead of the husband and wife some years prior to the arrangement made between them, continued to be the husband's homestead at the time when the arrangement was made, and was his homestead at the time when his wife attempted to convey the premises to Griffith, we shall not discuss, for the reason that we think the case may be disposed of on another ground.

It appears, as already stated, that the arrangement between plaintiff and his wife was made with the full purpose and intention on the part of each of them that the parcels of land as to which each received, respectively, blank deeds signed by both should be disposed of by means of the filling in of names of purchasers as grantees, and that on each side this arrangement was carried out, and the deeds which had been executed in blank were delivered to such purchaser, the wife's deed, as already stated, being delivered to Griffith, as trustee, in pursuance of the trust arrangement, and the deeds received by plaintiff being delivered to purchasers for valuable considerations. The understanding between the two, which was no doubt erroneous, was that in this manner each would be enabled to dispose of the property described in the blank deeds free from any dower right of the other, without any subsequent action by way of joinder in conveyance, or otherwise; neither party wishing to be obliged to have the consent of the other to pass a fee simple title free from dower right. This mutual arrangement and understanding was acted upon by each party; the belief of the plaintiff being that he could convey the tracts as to which he held blank deeds free from his wife's dower interest contingent on her surviving him, just as she under-

took to convey the land in controversy free from plaintiff's dower interest contingent on his surviving her. Under these circumstances we are satisfied that each party became estopped, after the blank deeds were filled in and delivered as contemplated, from asserting any dower interest in the land conveyed to the other, and that plaintiff can not now assert as against these defendants a dower interest which as a contingency was released by the mutual agreement, fully acted upon and carried out as already indicated.

On this question the contention for plaintiff is that, as the mutual agreement for the relinquishment of mutual dower interests was contrary to law, it can not afford the

2. SAME: statute. basis for an estoppel. The statute, as construed in the cases already referred to, simply denies to either husband or wife the power to contract with the other in regard to the dower interest which each has in the other's property, and we find nothing in the cases interpreting this statute to indicate that one of the parties may not, by subsequent conduct, become estopped as against the grantee of the other to assert such dower interest. On the contrary, it is well settled that such an estoppel may arise. *Dunlap v. Thomas,* 69 Iowa, 358; *Baldwin v. Hill,* 97 Iowa, 586; *Meylink v. Rhea,* 123 Iowa, 310; *Fowler v. Chadima,* 134 Iowa, 210.

It is true that defendant Griffith, taking the property as trustee only, has not parted with any money in reliance on plaintiff's agreement that the conveyance by his wife should be free from plaintiff's contingent

3. SAME: who may plead estoppel. dower interest; but there is ample consideration in his undertaking to carry out the terms of the trust without compensation, and his obligation to do so has become fixed by the terms of the trust agreement, and irrevocably; for the death of the wife without making other provision for the distribution of her estate has fixed upon him a duty which he can not now escape. It would be plainly against all equitable principles

of estoppel to allow plaintiff, after having the property for which he received deeds, and accepting valuable considerations therefor in pursuance of the mutual understanding between them, and after the death of his wife has relieved the property which he has conveyed from all possibility of being subjected to an assertion of dower on her part, to assert as against this trust estate an interest which it was mutually understood between him and his wife was fully relinquished. The very terms of the trust accepted by Griffith contemplated a distribution of the trust property without the necessity of procuring a relinquishment of any contingent interest of the plaintiff therein, and it can not be said, therefore, that Griffith, as trustee, has not by putting himself in a position to take advantage of the arrangement entered into by plaintiff and his wife become entitled to rely upon estoppel as against plaintiff.

The decree of the trial court is therefore *affirmed*.