Submitted on briefs December 14, affirmed and remanded December 21, 1915.

## NIEHAUS *v.* SHETTER.

(153 Pac. 486.)

**Mortgages—Deed as Mortgage—Parol Evidence.**

1. A deed absolute on its face may be shown by parol to have been intended by the parties as security for payment of money, and to be in effect a mortgage.

**Mortgages—Maxim.**

2. It is a maxim of the law that "once a mortgage, always a mortgage."

**Mortgages—Deed as Mortgage—Laches.**

3. The right to assert that a deed in form is a mortgage is not barred by laches; the grantor, and afterward his executor, remaining in possession, and paying the taxes, till agreement was made with the holder of the mortgage to pay them, pending a prospective sale, such holder not disavowing his trust or questioning that the deed was intended as a mortgage.

**Mortgages—Deed as Mortgage—Defeasance.**

4. To constitute a deed in form a mortgage there need not have been a written deed of defeasance.

**Mortgages—Deed as Mortgage—Existence of Debt.**

5. If a deed in form was designed as security for a debt at the time created, or theretofore existing and continued, it should be declared a mortgage.

Mortgages—Deed as Mortgage—Purchasers.

6. A deed intended as a mortgage should be declared such against one who, knowing it to have been given as such, took a deed, also intended as a mortgage, from the grantee in the first deed.

[As to deed, absolute in form, as mortgage, see note in 4 Am. St. Rep. 707.]

Mortgages—Full Disposition of Controversy.

7. A deed having, in a suit by the grantee to quiet title, been declared a mortgage, foreclosure should not be left to another proceeding, but had in such suit.

From Coos: LAWRENCE T. HARRIS, Judge.

In Banc.    Statement by MR. JUSTICE BEAN.

This is a suit instituted by Mathilde Niehaus, appellant herein, against Otto Shetter and Alice Shetter, his wife, Eugene W. Shetter and Jennie Shetter, his wife, Emma Florence Williams and Ralph R. Williams, her husband, Julia Getty and R. W. Getty, her husband, and all other persons or parties unknown claiming any right, title, estate, lien or interest in the real estate described in the complaint herein, the said Otto Shetter, Alice Shetter, Julia Getty and R. W. Getty being the only respondents, to quiet title to 480 acres of land situated in Coos County, Oregon. Plaintiff alleges in substance that she is the owner in fee simple of the real estate, and that the defendants claim some interest therein.

Default was entered against some of the defendants. Otto Shetter and Alice Shetter, his wife, and Julia Getty and R. W. Getty, her husband, answered. They aver in effect that, as the devisees of Frederick Shetter, deceased, Otto Shetter and Julia Getty are the owners in fee simple of the realty described in the complaint, subject only to a lien of a deed of conveyance, which was in effect a mortgage, for the sum of $3,000, with interest at the rate of 8 per cent per annum from April 1, 1898. The Circuit Court decreed that the defend-

ants Otto Shetter and Julia Getty are the owners in fee simple of the real property, subject to the lien mentioned, together with any taxes paid by the holders thereof. Plaintiff appeals.

Submitted on briefs under the proviso of Rule 18: 56 Or. 622 (117 Pac. xi). AFFIRMED AND REMANDED.

For appellant there was a brief submitted by *Mr. E. D. Sperry* and *Mr. James M. Koford.*

For respondents there was a brief over the names of *Mr. James M. Upton* and *Mr. Edward L. C. Farrin.*

MR. JUSTICE BEAN delivered the opinion of the court.

It appears that on August 12, 1889, Frederick Shetter and Emily G. Shetter, his wife, deeded the real property in question to one Thomas Harkins, by a general warranty deed absolute upon its face, which was intended by the parties and was in force and effect a mortgage to secure the payment of the sum of $3,000, with interest at 8 per cent from that date. The deed was duly recorded in the records of Coos County. Frederick Shetter paid the interest accruing on the lien up to April 1, 1898, and also paid all the taxes assessed against the property up to the time of his death on April 23, 1902. In March, 1903, Otto Shetter was appointed sole executor of the last will and testament of Frederick Shetter, deceased, and thereafter continued to pay the taxes on the property up to and including the year 1905.

On December 19, 1903, Thomas Harkins and Kate Harkins, his wife, conveyed the real estate in controversy to Edward F. Niehaus, husband of the plaintiff, to secure the payment of certain advances made by

him to Harkins, amounting, as alleged in the answer, to about $5,000. This deed was also intended by the parties to be, and was in effect, a mortgage. It is shown by the evidence that at the time of the execution of the last-named conveyance Edward Niehaus was informed by Thomas Harkins that the property was held by him as security for the lien of $3,000 and interest. Harkins having died, his widow testified that, at the time of obtaining the advances from Niehaus, her husband, a sea captain, was about to make a voyage to Panama, and desired to obtain stores for his schooner, which necessitated the advances made by Mr. Niehaus; that pursuant to the directions of the latter she and her husband proceeded to the office of the attorney of Mr. Niehaus, in San Francisco, who prepared the deed which they signed, and also a writing, in duplicate, to the effect that when the debt incurred by Captain Harkins was paid the property should be returned. One copy was retained by Harkins and his wife, and was destroyed in the San Francisco fire. The other was left with the attorney for Mr. Niehaus. Captain Harkins did not return from his voyage. At one time Otto Shetter, as executor of the estate of Frederick Shetter, deceased, entered into an arrangement with Edward F. Niehaus, during his lifetime, for a sale of the land in question, and for a disposition of the proceeds. Niehaus claimed at the time that there was about $6,000 due. A deed was executed by him and his wife and placed in escrow in a bank at Marshfield, Oregon. Some time afterward, no sale having been made, the deed was returned to him, with the expectation that he would make a sale thereof in San Francisco, California, and forward the balance agreed upon to the executor.

1, 2. It is a well-settled rule of law that a deed absolute upon its face may be shown by parol to have been intended by the parties as security for the payment of the debt, and that it is in effect a mortgage: *Kramer* v. *Wilson,* 49 Or. 333, 337, 338 (90 Pac. 183); *Elliott* v. *Bozorth,* 52 Or. 391, 395 (97 Pac. 632); *Grover* v. *Hawthorne,* 62 Or. 77 (114 Pac. 472, 121 Pac. 808); *Miles* v. *Hemenway,* 59 Or. 318 (111 Pac. 696, 117 Pac. 273). It is also a well-known maxim of the law that "once a mortgage, always a mortgage": *Reilly* v. *Cullen,* 159 Mo. 322 (60 S. W. 126).

3. Counsel for plaintiff invoke the principle of laches as a bar, citing and relying upon the case of *Raymond* v. *Flavel,* 27 Or. 219, 237 (40 Pac. 158), in support of their position. The facts there, however, are materially different from those in the case under consideration. In *Raymond* v. *Flavel,* 27 Or. 219, 237 (40 Pac. 158), the grantee, defendant, was let into possession of the land, and so remained for a great number of years, making extensive improvements, with the knowledge and consent of the grantor, the plaintiff. Here the original grantor, Frederick Shetter, remained in possession of the land and paid the taxes thereon up to the time of his death in April, 1902. Thereafter his son Otto, as executor, continued in such possession and paid the taxes up to and including the year 1905, when it appears he entered into an agreement with Mr. Niehaus whereby the latter was to pay the taxes, pending a prospective sale of the premises. It is not evident that Niehaus at any time disavowed his trust, or questioned that the deed to him, and also one from Shetter to Harkins, were intended as a mortgage.

4. The contention of counsel for plaintiff is in effect that in a case like the one in hand there must be a written deed of defeasance in order to constitute the deed a mortgage. With this claim we are unable to agree.

5, 6. In the determination of the question as to whether or not such a deed is in effect a mortgage, the legal test is this: Was a debt created, or was a pre-existing debt continued, and was the instrument designed as security? If the pre-existing debt was not extinguished, or if a new debt was intended to be created, and the conveyance was given as security, then it should be declared to be in effect a mortgage: *Bickel* v. *Wessinger*, 58 Or. 98 (113 Pac. 34); *Grover* v. *Hawthorne*, 62 Or., at page 93 (114 Pac. 472, 121 Pac. 808). When the deed from Shetter to Harkins was executed, a debt was created, and the conveyance was designed as security therefor. In the case of the conveyance from Harkins to Niehaus, the former debt was not extinguished, the same was augmented, and the deed was given as security. The evidence shows that Niehaus had actual knowledge of the condition of the Shetter-Harkins deed; therefore these deeds should be declared in effect mortgages as decreed by the trial court.

7. The lower court did not foreclose the declared mortgage, and left that matter for another proceeding. We are of the opinion, however, that the controversy should be fully adjusted in this suit. For that purpose, the cause will be remanded to the lower court, where the parties should be allowed to take all such proceedings as may be necessary to determine the amount of the lien upon the land and complete the foreclosure of the mortgage deed. The costs upon this

appeal should be paid as other costs and disbursements in the foreclosure suit.

REVERSED AND REMANDED.

MR. JUSTICE EAKIN and MR. JUSTICE HARRIS took no part in the consideration of this case.

## NORTHERN BREWERY CO. v. PRINCESS HOTEL.*