Argued September 22; modified and remanded October 11, 1937

# CALLAN *v.* WESTERN INVESTMENT & HOLDING CO.

(72 P. (2d) 48)

*Charles M. Thomas* and *W. E. Richardson,* both of Portland (Andrew Hansen, of Portland, on the brief), for appellant.

*Wilber Henderson,* of Portland (Henderson & Warner, of Portland, on the brief), for respondent.

BAILEY, J. This suit was instituted by A. C. Callan, trustee of the estate of Harper Workman, deceased, against Western Investment & Holding Company, a corporation, to remove a cloud from the title to a tract of land in Portland, Oregon, by having declared null and void an instrument in the form of a deed executed and delivered by Harper Workman and his wife to the defendant corporation. From a decree in favor of the plaintiff the defendant appeals.

The complaint alleges that in October, 1935, the circuit court for Multnomah county in a proceeding instituted by some of the heirs of Harper Workman, deceased, against other heirs of said decedent and the

administrator of his estate, appointed A. C. Callan as trustee to carry out the terms of the trust contained in the last will and testament of Harper Workman, deceased; and that the instant suit was authorized by said circuit court. The corporate character of the defendant is alleged and the complaint continues with the statement that Harper Workman died testate October 21, 1934.

Incorporated in and made a part of that pleading is a copy of decedent's will, in which the property here involved was devised to Earl C. Workman, decedent's only son, on the condition that said devisee pay to the executor of the estate for a period of 10 years the sum of $50 per month. The will prohibited transfer or incumbrance of the property during that period.

According to the complaint, the will further provided that in the event the son did not comply with the terms of the will, the property so devised to him should become a part of the decedent's estate; and the remainder of the estate was devised to the daughters of the decedent, to be held in trust for the period of 10 years after the testator's death. It is alleged that the son renounced the devise and executed a deed conveying to the plaintiff all his interest in the property, and that the other heirs of the decedent, along with his widow, likewise executed a conveyance of their interest in the property. The complaint further states that at the time of his death Workman was the owner of the land here involved; that prior thereto said Workman and his wife, Laura Workman, had placed the legal title of the property in the name of the defendant "for the sole purpose of circumventing the effect of section 10-301, Oregon Code, that is, for the purpose of making a legal record indicating that Laura Workman was

without a dower interest in said property; that there was no consideration paid by the defendant for said property; and said transfer was wholly without consideration, and defendant has no interest in said property whatsoever''.

The plaintiff avers that such deed ''constitutes a cloud on the title of the aforesaid property'' and asks that the instrument be declared null and void and that the defendant be enjoined from asserting any claim to said property. The prayer of the complaint also contains a clause asking for other and further relief.

The defendant denies that the decedent was, at the time of his death, the owner of said property, denies that said conveyance was without consideration, and admits that the property was transferred to, and the legal title placed in the name of, the defendant.

For a further and separate answer and defense the defendant alleges that H. J. Carruthers as executor of the will of Harper Workman, deceased, is a necessary party to the proceeding; and that the said Carruthers has made a demand upon the defendant corporation, claiming that the property is held by the defendant in trust and insisting upon an accounting and settlement of such trust. It is also alleged in that pleading that Nellie Lister has a valid mortgage on said property to secure the payment of $800, and that she also is a necessary party. All this new matter contained in the answer was stricken, on motion of the plaintiff, on the ground that the same was frivolous and irrelevant. Trial was had on the issues made by the allegations of the complaint and the denials and admissions contained in the amended answer.

It is the plaintiff's contention, urged in the circuit court and repeated here, that the sole purpose of the

deed from Harper Workman and his wife to the defendant corporation was to bar Mrs. Workman from asserting a dower right in the property, and that the deed was violative of § 33-201, Oregon Code 1930, and consequently null and void.

The record discloses that in the fall of 1933 there was pending in the circuit court for Multnomah county a divorce suit between Harper Workman and his wife. On October 31 of that year a contract was entered into between the parties wherein it was stated that the divorce proceeding was pending, and that the parties thereto could not longer live together and were planning to live apart, although they did not desire a divorce, and for that reason wanted to effect a property settlement. According to the agreement the wife was given the use, during her life, of residential property owned by the parties as tenants by the entirety, and in addition a monthly income from certain investments held by the husband. The agreement then provided that the wife would at once "execute and deliver to said Harper Workman or any other party or corporation designated" by him a conveyance of her interest in the property here involved, free and clear of all claim of dower.

The deed from Harper Workman and his wife to the defendant corporation was dated November 14, 1933, and was on that date acknowledged by his wife, but was not acknowledged by Workman until December 11. Under date of February 7, 1934, Harper Workman entered into a contract of leasing with one J. O. Moman for the property described in the deed to the defendant. A part of the monthly rental was to be applied by Moman on improvement of a service station located on the leased premises.

In the early part of March, 1934, Harper Workman made application to a loan company to borrow $800, to be secured by a mortgage on this property, which loan was approved, and on March 30 a mortgage on said property was given by the defendant corporation to Nellie Lister, to secure the payment of $800 loaned. It was stated by the loan agent that he understood that the mortgage was to be given by the corporation and that the money was obtained for the use of Harper Workman, for improvements on the service station located on the mortgaged premises. Both the deed to the defendant corporation and the mortgage were recorded March 30. There was no evidence that the mortgagee or the loan agent knew of the agreement between Harper Workman and his wife.

The money thus loaned was used in paying taxes and the broker's commission, and the balance was paid to Harper Workman and used by him in improving the service station.

On September 13, 1934, Harper Workman gave to the tenant Moman by a separate instrument in writing an option to extend the lease for a period of five years, and on the same date in another writing granted to said lessee an option to purchase said property for $7,000 during the period of said lease or any extension of it. The original lease, the option for extension and the option to purchase were all prepared and acknowledged by the president of the defendant corporation.

In his case in chief the plaintiff proved all the foregoing facts and introduced the above-mentioned documents.

From the time that Moman took possession of the property as lessee he paid the monthly rental to Workman and to his administrator with the will annexed,

or applied the same in payment for improvements as agreed in the lease, with the exception of two months when he paid the rental to the defendant corporation.

The circuit court decreed that Harper Workman at the time of his death was the owner in fee simple of the property here involved, subject only to a mortgage in favor of Nellie Lister, and that the plaintiff was the successor in interest to all the rights of Harper Workman in the property at the time of his death, together with all the rights of his widow, Laura Workman. The decree canceled and set aside the purported deed from Harper Workman and Laura Workman to the defendant corporation.

In a memorandum opinion the circuit court held that the deed from Harper Workman and his wife was executed pursuant to an agreement between them whereby the wife undertook to waive her right of dower in lands owned by the husband; that such contract was in contravention of § 33-201, Oregon Code 1930; and that consequently the deed was null and void. The respondent here attempts to uphold the decree on that theory. The section mentioned reads in part as follows: "When property is owned by either husband or wife, the other has no interest therein which can be the subject of contract between them. * * *"

In support of his contention that the deed was executed in pursuance of an agreement between husband and wife to bar dower and is therefore void, the respondent cites and relies upon *Potter v. Potter*, 43 Or. 149 (72 P. 702); *McCrary v. Biggers*, 46 Or. 465 (81 P. 356, 114 Am. St. Rep. 882); and *Chance v. Weston*, 96 Or. 390 (190 P. 155). *Potter v. Potter* was a suit brought by the wife to enforce specific performance of a written contract signed by her husband whereby

he agreed to convey to whomsoever his wife might designate his "unincumbered interest" in certain real property. The court held that the contract sought to be enforced was void because it was an agreement for relinquishment of the husband's curtesy in property owned by the wife. *McCrary v. Biggers* was a suit in equity to enjoin the defendant from claiming curtesy in certain lands of which his wife died seized, based upon an alleged contract between him and his wife whereby he agreed to waive his right of curtesy in property belonging to her. The court, however, refused to enforce the contract and held that it was void in view of the statute that is now § 33-201, Oregon Code 1930. In *Chance v. Weston* certain property was deeded by a husband and wife to a bank to be held in trust for the wife. The directions to the bank were to the effect that the property should be conveyed to whomsoever the wife might name. Prior to her death she had given oral instructions to the bank to convey the property to her three daughters, but the conveyance was not made by the bank until after her death. The object of the suit was to obtain a decree to the effect that the husband was entitled to curtesy in the land. The court held that the power conferred upon the bank as her agent by the wife could not be exercised after her death, and that since the instructions to the bank were in parol and not in writing the attempted conveyance by the bank was void under the statute now codified as § 9-905, Oregon Code 1930. The court further held that a beneficial interest or equitable estate in the trust property was owned by the wife at the time of her death and that therefore the husband was entitled to assert his right of curtesy in it. No attempt was there made on behalf of the plaintiff husband to have the deed from himself and his wife to the bank set aside.

In *Potter v. Potter*, supra, *House v. Fowle*, 20 Or. 163 (25 P. 376), and *Jenkins v. Hall*, 26 Or. 79 (37 P. 62), the court points out the fact that § 33-201, supra, is identical with a section of the Iowa code and that our statute was copied from that of Iowa. In view of that fact, decisions from that state are here pertinent.

In *Martin v. Farmers' Loan & Trust Co.*, 180 Iowa 859 (163 N. W. 361, 7 A. L. R. 238), a husband and wife desired to live apart and with that intention agreed upon a division of their properties. The property agreed to be set apart to each spouse was conveyed by both of them to a trustee and held for the benefit of either husband or wife as designated in the agreement. After the husband's death the widow instituted a suit "to have set off to her a distributive share, or dower," in the lands which she and her husband had conveyed to the trustee for the benefit of the husband.

The court there pointed out the distinction between the transaction involved in that case and one in which there was merely an agreement between the parties not to claim a right of dower or curtesy in lands owned by the other spouse at the time of his or her death. It is said in the opinion: "The parties were competent to contract and there was no fraud perpetrated or attempted when the agreement was executed.   *   *   * We think that when plaintiff and her husband by the two separate deeds executed June 2d conveyed all their land to defendant, they were each immediately precluded from claiming any interest in the property which it was agreed should belong to the other. The agreement and its execution, at least so far as the land was concerned, was completed when the deeds passed. The contract was fair and equitable to plaintiff. At that time there could have been no claim that the deeds

were invalid.'' The court further held that the plaintiff was ''estopped from now asserting any dower interest in the land in controversy''. See, also, in this connection, *Browning v. Kannow*, 202 Iowa 465 (210 N. W. 596), and *Manatt v. Griffith*, 147 Iowa 707 (124 N. W. 753); also annotation, 35 A. L. R. 1523, paragraph IV.

The Iowa court clearly points out the distinction between an executory contract between husband and wife to bar dower or curtesy, and a deed executed by husband and wife to a third party as trustee for the benefit of either spouse in settlement of their respective property rights. As to such executory contract, the court refuses enforcement, on the ground that the property which is the subject of the agreement is still owned by one of the contracting parties and the agreement, therefore, is in contravention of the statute similar to § 33-201, *supra*. In the instance of a contract executed through conveyance by husband and wife to a third party, the court holds that the husband and wife are estopped from claiming curtesy or dower, since they have barred themselves therefrom by joining in the conveyance.

In the Oregon cases relied upon by the respondents the question involved was the efficacy of an agreement between husband and wife whereby one of the parties to the contract agreed to waive his or her right to curtesy or dower. In two of the Oregon cases no transfer of the real property had been made by the husband and wife, while in the third case the deed was to a trustee who was to hold the property subject to the wife's direction. Without setting aside this deed the court held that the husband was entitled to assert his right of curtesy in the lands conveyed to the trustee, since the wife was at the time of her death the equitable owner of such property.

The facts in the instant case differ materially from those of the precedents relied upon by the respondent. The transactions between Mr. and Mrs. Workman are closely similar to the facts outlined in *Martin v. Farmers' Loan & Trust Co.*, supra.

■ There are additional reasons why the instant case is not governed by the Oregon adjudications cited by the respondent. This suit is not brought in the name of, or for or on behalf of, the widow, Laura Workman, to establish a right of dower in the property involved. It is being prosecuted by the plaintiff as trustee under the will of Harper Workman, deceased, and as successor in interest of the devisees. As such trustee he is authorized only to carry out the trust created by the will.

■■ At the time that Laura Workman joined in a deed with certain heirs of the decedent, conveying the property here involved, she did not attempt to transfer any estate or interest in it. From all that appears in the record, no assignment of her dower in the property has ever been made. All that she had at the time of executing the instrument last mentioned was a mere right of action. She had no estate in the land which she could convey to the plaintiff: *Neal v. Davis*, 53 Or. 423 (99 P. 69, 101 P. 212); *Walters v. Waggener*, 104 Or. 682 (208 P. 753); 19 C. J. 535, § 213. The only effect of the widow's joining with some of the heirs in the conveyance to the plaintiff was to release to the grantee her claim of dower in the property described in the deed: 19 C. J., 536, § 214; § 10-313, Oregon Code 1930.

■■ The trustee is in no better position than though this suit were brought by Harper Workman himself. Inasmuch as the latter executed the purported deed to the defendant corporation and procured the defendant to execute a mortgage to Nellie Lister to secure the

payment of $800, which money Harper Workman received, he would be in no position to attack the validity of that instrument on the ground that it is violative of § 33-201, *supra*.

The decree of the circuit court cannot be sustained on the ground that the purported deed from Harper Workman and his wife to the defendant was a nullity. That the instrument, however, was not intended to deprive Harper Workman of all interest in the property is apparent from the record. It has hereinbefore been pointed out that after the execution of this instrument Workman, with the knowledge and acquiescence of the defendant corporation, leased the property, in his own name and not as agent of the defendant, to Moman. Several months after the deed was recorded, Workman granted to the lessee, also with the knowledge and acquiescence of the defendant, an option for an extension of the lease and an option for the purchase of the property. Workman also applied for a loan secured by a mortgage on the property, which mortgage the defendant as holder of the legal title willingly executed.

The appellant, at the end of its opening brief, states the following: "There is no contention that the deed is absolute but it remains a deed until it is legally determined to be otherwise and if found to be a trust deed or mortgage the equities must be determined and amounts due thereunder be determined and paid." Other statements in the evidence introduced by the defendant over the rulings of the trial court, by sanction of § 6-202, Oregon Code 1930, and additional admissions made in the defendant's briefs and oral argument, were to the effect that the purported deed of Harper Workman and Laura Workman to the defendant was intended as a mortgage to secure advances

to be made by or through the defendant to and on behalf of Harper Workman.

Such an instrument when given to secure indebtedness existing or to be incurred for loans and advances has the effect of a mortgage, and parol evidence is admissible to show that it was so intended by the parties to it: *Niehaus v. Shetter*, 78 Or. 447 (153 P. 486); *Bickel v. Wessinger*, 58 Or. 98 (113 P. 34). The above-mentioned instrument in the form of a deed did not convey the property or pass the title of it to the mortgagee. All that it did was to create a lien on the property in favor of the defendant. It was in effect a mortgage: *Kinney v. Smith*, 58 Or. 158 (113 P. 854), and authorities there cited.

■ Although the complaint specified the ground on which the plaintiff believed the deed void, it nevertheless alleged that Harper Workman was, at the time of his death, the owner in fee simple of the property in suit, and included a prayer for general relief. In the state of the record before us we should not feel justified in dismissing the suit because the plaintiff had not prevailed in his contention that the deed was a nullity, since it is shown by the defendant's admissions and other evidence in the case that the instrument actually was not intended by the parties thereto to pass the title of the property to the defendant corporation. It is true that much of the evidence introduced by the defendant was outside the issues framed by the pleadings and was admitted only over the ruling of the court; nevertheless, it was adverse to any contention which the defendant might make that it was the owner in fee simple of the property in dispute.

■ There was introduced in evidence by the defendant, also over the ruling of the court, a document

entitled "Declaration of Trust and Security," which was executed by the defendant corporation on January 25, 1936, and filed for record on February 5 of the same year. In that document it is stated that the deed was executed and delivered to the defendant as security for certain obligations of Harper Workman and to enable the defendant to carry out certain instructions given to it by Workman. The declarations contained in the document are in nowise binding on the plaintiff, and from the recitals it is clearly apparent that many of the purposes of the so-called trust were not agreed upon between plaintiff's decedent and the defendant. Neither of the parties to this suit is in a position to prove that by the conveyance of the property to the defendant an express trust was created for the benefit of Harper Workman or anyone else, for the reason that the terms of the trust are not in writing as provided by § 9-905, Oregon Code 1930: *Hornbeck v. Crawford*, 130 Or. 230 (279 P. 870). Nor do the facts indicate a constructive or resulting trust.

The circuit court, although holding that the purported deed from Harper Workman and his wife to the defendant was null and void, nevertheless decreed that the property described in the deed was subject to a mortgage to Nellie Lister to secure the payment of $800. The mortgagee was not a party to this suit. The court had stricken from the defendant's answer the allegation that she was the mortgagee and should be made a party defendant. In sustaining her mortgage the circuit court must have concluded that as far as she was concerned the defendant was the record owner of the property at the time the mortgage was executed, and that the plaintiff was estopped, as far as Nellie Lister's rights were involved, from claiming that the

defendant did not have a right to execute the mortgage. Neither party to this suit questions the validity of the mortgage to Nellie Lister. The execution of that mortgage by the defendant, however, does not preclude the plaintiff from showing by parol evidence that as between Harper Workman and the defendant the purported deed was intended as a mortgage.

No claim was presented by the defendant to the administrator with the will annexed of the estate of Harper Workman, deceased, for moneys due it from Workman at the time of his death. This circumstance, however, does not bar the defendant from asserting a claim against the land by virtue of the mortgage, for moneys which may be due it: *Teel v. Winston*, 22 Or. 489 (29 P. 142).

The conclusion which we have reached in this case, as above indicated, necessitates remanding it to the circuit court for further proceedings, in order to determine what amount of money, if any, is due the defendant under its agreement with Harper Workman, for moneys advanced by it to or on behalf of Workman during his lifetime and secured by the instrument executed by Workman and his wife. Both the plaintiff and the defendant should be permitted so to amend their pleadings as properly to present this matter to the court, as well as the question of whether or not the lien for which the purported deed was intended as security should be foreclosed. Neither party shall recover costs in this court.

BEAN, C. J., and KELLY and LUSK, JJ., concur.