Argued October 1, affirmed October 23, 1963

In the Matter of the Estate of
## CLAUDE E. PFIFER, Deceased
## PFIFER *v.* THE FIRST NATIONAL BANK OF OREGON

385 P. 2d 1007

*E. L. Crawford,* Salem, argued the cause for appellant. With him on the briefs were Crawford & Garrett, Salem.

*J. Ray Rhoten,* Salem, argued the cause for respondent. With him on the brief were Rhoten, Rhoten & Speerstra and Ervin W. Potter, Salem.

Before McAllister, Chief Justice, and Rossman, Sloan, Goodwin and Lusk, Justices.

SLOAN, J.

The facts in this case, as stipulated by the parties, are these: Plaintiff Jessie Pfifer and the deceased Claude E. Pfifer were married in November 1961. Not long afterwards the marriage failed. The parties entered into a property settlement agreement and Jessie Pfifer filed a suit for divorce; an order of default was entered against Claude Pfifer. Claude Pfifer died before trial of the divorce proceedings and, of course, before any decree of divorce was entered. Jessie Pfifer brought this action to have her dower, homestead and other property rights as a widow set aside to her. Defendant, as executor of Claude Pfifer's estate, claimed that the property settlement agreement was binding on plaintiff. The trial court found for plaintiff. Defendant appeals.

The property settlement agreement did provide that each party was to retain their own property and that neither would make any claim for dower, curtesy, alimony or other property or personal rights.

By statute, Oregon has adopted a policy which restricts a husband or wife from contracting away curtesy or dower. ORS 108.060 provides:

> "When property is owned by either husband or wife, the other has no interest therein which can be the subject of contract between them, or such interest as will make the same liable for the contracts or liabilities of either the husband or wife who is not the owner of the property, except as provided in ORS 108.040."

This statute was taken from Iowa and our court has followed the interpretation placed upon the statute by the Iowa court. *House v. Fowle,* 1890, 20 Or 163, 25 P 376.

The *House* case held that a deed by which a wife relinquished dower to her husband was ineffective and void. The *House* case was followed by *Potter v. Potter,* 1903, 43 Or 149, 72 P 702; *McCrary v. Biggers,* 1905, 46 Or 465, 81 P 356; *Chance v. Weston,* 1920, 96 Or 390, 190 P 155. The decisions in these, and other cases, are approved but distinguished in *Callan v. Western Inv. & Hold. Co.,* 1937, 157 Or 412, 72 P2d 48. For a critical analysis of the statute and these cases see O'Connell, A Property Act For Oregon, 1950, 30 Or L Rev 1, beginning at page 41. The statute places Oregon with that small number of states that follow an antiquated rule barring this type of agreement between husband and wife. There is no reason here to repeat the analysis of these cases to be found in the law review article. The cases hold that plaintiff's agreement to bar her dower rights was void.

The agreement in question also provided that the contract was "* * * subject to confirmation and ratification * * *," by any court that may later enter a decree of divorce between the parties. The agreement was not, of course, ever confirmed or ratified by a court.

Affirmed.